(No. 44944.

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee,
v. JEWELL RICHARD SMOTHERS, Appellant.

*Opinion filed October 1, 1973.*

HARLAN HELLER and KENNETH J. MEYERS, both of Mattoon, for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield (JAMES B. ZAGEL and THOMAS E. HOLUM, Assistant Attorneys General, of counsel), for the People.

MR. JUSTICE GOLDENHERSH delivered the opinion of the court:

In a jury trial in the circuit court of Macon County, defendant, Jewell Richard Smothers, was found guilty of

murder and sentenced to a term of not less than 100 nor more than 150 years in the penitentiary. The appellate court affirmed (2 Ill. App. 3d 513), and we granted leave to appeal. The evidence is set forth in detail in the opinion of the appellate court and will be reviewed here only to the extent necessary to the discussion of the issues. The homicide out of which the case arose was committed in a visitor's lounge in Decatur Memorial Hospital. At the time of the occurrence defendant was a patient in the hospital and the deceased, Leonard Ray Arnett, was there for the purpose of visiting his father-in-law, also confined as a patient.

Defendant contends first that the trial court committed reversible error in refusing to give his tendered instructions on the issue of insanity (I.P.I.—Criminal, Nos. 24.01 and 25.01) and in refusing to submit to the jury two tendered forms of verdict (I.P.I.—Criminal, Nos. 26.03 and 26.04). He argues that there was sufficient evidence of insanity to submit the issue to the jury. It is the position of the People that although the record contains evidence of irrational and bizarre behavior on the part of the defendant at the time of the commission of the offense, the evidence of irrational behavior, standing alone, did not raise the affirmative defense of insanity, and that in the absence of expert opinion testimony "offering affirmative evidence of legal insanity as defined by statute" the circuit court correctly refused to submit the issue to the jury.

The Criminal Code of 1961, in pertinent part, provides:

"6—2. Insanity.

(a) A person is not criminally responsible for conduct if at the time of such conduct, as a result of mental disease or mental defect, he lacks substantial capacity either to appreciate the criminality of his conduct or to conform his conduct to the requirements of law.

(b) The terms 'mental disease or mental defect' do not include an abnormality manifested only by repeated

criminal or otherwise anti-social conduct." Ill. Rev. Stat. ch. 38, par. 6—2.

"6—4. Affirmative Defense. A defense based upon any of the provisions of Article 6 is an affirmative defense." Ch. 38, par. 6—4.

"3—2. Affirmative Defense.

(a) 'Affirmative defense' means that .unless the State's evidence raises the issue involving the alleged defense, the defendant, to raise the issue, must present some evidence thereon.

(b) If the issue involved in an affirmative defense is raised then the State must sustain the burden of proving the defendant guilty beyond a reasonable doubt as to that issue together with all the other elements of the offense." Ill. Rev. Stat., 1972 Supp., ch. 38, par. 3—2.

Although not directly involved in this case, we note that the Unified Code of Corrections (Ill. Rev. Stat., 1972 Supp., ch. 38, par. 1001—1—1 *et seq.*) provides in section 5—1—11 (par. 1005—1—11) that " 'Insanity' means the lack of a substantial capacity either to appreciate the criminality of one's conduct or to conform one's conduct to the requirements of the law as a result of mental disorder or mental defect."

This court has held that all men are presumed to be sane and that, in order to present the issue of the accused's insanity, the evidence must raise a reasonable doubt of his sanity at the time of the commission of the offense. (*People v. Robinson, 22 Ill.2d 162; People v. Patlak, 363 Ill. 40.*) Our earlier cases have permitted lay testimony, including the expression of opinions, concerning a defendant's insanity. (*People v. Patlak, 363 Ill. 40; People v. Krauser, 315 Ill. 485; Jamison v. People, 145 Ill. 357.*) In *People v. Childs, 51 Ill.2d 247,* we held that expert testimony was not required to raise the issue of sanity, and upon examination of the authorities cited by the parties, and those collected at 17 A.L.R.3d 146, we adhere to that position.

The People, citing *People v. Patlak, 363 Ill. 40,* and *People v. Matter, 371 Ill. 333,* argue that although these

cases held that opinion testimony by a nonexpert witness who had observed sufficient facts upon which such an opinion could be based was sufficient to raise the question of the accused's sanity, that here the issue was not sufficiently raised for the reason that no witness who described defendant's conduct and activities expressed an opinion that he was insane. It is clear from a reading of the cases in which the introduction of the opinion testimony of nonexpert witnesses was approved that the admissibility of the opinion testimony depended upon the facts observed and testified to, and that such testimony was admitted only to the extent that it was based upon those facts which the witness had observed, and to which he had testified. We do not agree that the failure of the nonexpert witness to express an opinion is decisive of the issue here, and we conclude that if there are sufficient facts shown by the testimony, the absence of such opinion testimony is immaterial.

We have reviewed the record and conclude that the evidence was not sufficient to raise a reasonable doubt as to whether defendant, at the time of the occurrence, lacked "substantial capacity either to appreciate the criminality of his conduct or to conform his conduct to the requirements of law." Viewing the evidence in its aspects most favorable to defendant, the medical testimony, at most, shows an "abnormality manifested only by *** otherwise anti-social conduct," a condition specifically excluded from the statutory terms of "mental disease" or "mental defect." Although the evidence shows some irrational and bizarre conduct and some degree of confusion on the part of the defendant at the time of the occurrence, unlike *Childs,* there was no evidence of either prior mental treatment or prior irrational conduct. We hold that the circuit court did not err in refusing to give the tendered instructions and in refusing to submit the tendered forms of verdict.

Defendant contends also that the assistant State's

Attorney, in closing argument, engaged in improper argument, so inflammatory and prejudicial as to require reversal. We agree with defendant that the repeated reference to him as a sociopath who hated people and society was improper. We further point out that reference to the term "reasonable doubt" as a "touchstone phrase" designed to confuse the jury was hardly an appropriate manner in which to define the requirement that only in the absence of reasonable doubt may an accused be convicted. We note, however, that no objection was made during argument, and we are unable to say that the improper remarks were so prejudicial that defendant did not receive a fair trial or were so flagrant as to threaten deterioration of the judicial process. (*People v. Moore, 9 Ill.2d 224, 232.*) The character and scope of argument to the jury is left very largely to the trial court, and every reasonable presumption must be indulged in that the trial judge has performed his duty and properly exercised the discretion vested in him. (*North Chicago Street Ry. Co. v. Cotton, 140 Ill. 486.*) The general atmosphere of the trial is observed by the trial court, and cannot be reproduced in the record on appeal. The trial court is, therefore, in a better position than a reviewing court to determine the prejudicial effect, if any, of a remark made during argument, and unless clearly an abuse of discretion, its ruling should be upheld. (*City of Chicago v. Chicago Title & Trust Co., 331 Ill. 332.*) We find no error which requires reversal, and the judgment is affirmed.

*Judgment affirmed.*