THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
WILLIE JOHNSON, Defendant-Appellant.

First District (4th Division)   No. 84—1397

Opinion filed November 6, 1986.

Steven Clark, William Earl Glisson, and Kenneth L. Jones, both of State
Appellate Defender's Office, of Chicago, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Joan S. Cherry and
Dean P. Karlos, Assistant State's Attorneys, of counsel), for the People.

PRESIDING JUSTICE LINN delivered the opinion of the court:

Following a jury trial, defendant, Willie Johnson, was convicted of
three counts of aggravated indecent liberties with a child (Ill. Rev.
Stat. 1983, ch. 38, par. 11—4.1) and three counts of indecent liberties
with a child (Ill. Rev. Stat. 1981, ch. 38, par. 11—4). Johnson was sen-
tenced to three consecutive 30-year terms (a total of 90 years of im-
prisonment) in the Illinois Department of Corrections.

On appeal Johnson raises numerous contentions of error concern-
ing evidentiary rulings, proof, and sentencing. We do not find it nec-
essary to address each of these contentions; however, we must re-

mand this case for a new trial based on: (1) the erroneous admission into evidence of the details of a complaint that the minor victim allegedly made to three key prosecution witnesses, and (2) the trial court's error in commenting during closing argument on the sufficiency of the evidence regarding penetration.

BACKGROUND

On January 24, 1983, Willie Johnson was arrested and charged with three counts of aggravated indecent liberties with a child (Ill. Rev. Stat. 1983, ch. 38, par. 11—4.1) and three counts of indecent liberties with a child (Ill. Rev. Stat. 1981, ch. 38, par. 11—4). The offenses allegedly occurred on June 25, 1982, December 15, 1982, and January 22, 1983. The alleged victim is a minor girl, age six, who is the daughter of the girlfriend with whom Johnson was living prior to his arrest.

At trial the State did not call the victim to testify against Johnson regarding the alleged sexual acts. Rather, the State's evidence consisted of testimony by four witnesses who related statements allegedly made to each of them by either the victim or Johnson.

Among the witnesses called to testify in the State's case in chief was Linda Shields, a community service officer with the Schaumburg police department. Shields testified that on January 24, 1983, two days after the alleged third attack, she discovered the victim on Clayton Circle, a street in Schaumburg. The victim was crying. Shields subsequently brought the victim to the victim's home. After speaking to the victim's mother, Shields brought the victim to the victim's school.

Shields also stated that, while in the mother's home, she entered one of the bedrooms and observed a motion picture projector and "pornographic" magazines. Later that day, Shields returned to the victim's school, picked up the victim, and brought her to the police station. Shields, over objection, testified that at the police station the victim complained to her that Johnson sexually violated her on several occasions. Over defense objections, Shields detailed how Johnson allegedly penetrated the child's vagina with his penis as described to her by the victim. Shields then accompanied the victim to the bathroom where she observed that the victim's vaginal area was red and that her buttocks were black and blue.

Cheryl Bogdanowski, a registered nurse at Humana Hospital in Hoffman Estates, states that she examined the victim in the emergency room on the night of January 24, 1983. At that time, she observed a rash on the victim's chest, abdomen, and buttocks, a redness

between the inner thighs, and a yellow discharge from the victim's vagina. There were also bruises on the victim's buttocks. Bogdanowski testified that she concluded that the victim was suffering from a staph infection.

Bogdanowski further testified, over objection, that the victim complained to her that her "step dad" had, on several occasions, sexually violated her. Over defense counsel's objections, Bogdanowski related the victim's statements to her that Johnson had rubbed himself against the victim and that he touched her between the thighs and buttocks with his body. According to Bogdanowski, she asked the victim if her "step dad" touched her in these places with the part of his anatomy "that he uses to go to the bathroom," and the victim responded, "Yes."

The State called Assistant State's Attorney Diane Ghaster, who also related the victim's statements to her that her "daddy" would push his "big, long thing" into her. This testimony was also objected to by defense counsel. According to Ghaster, the victim claimed these "attacks" occurred in the victim's mother's bedroom in their Schaumburg home. Ghaster also stated that the victim volunteered to her that she sometimes saw naked women in movies playing on the television screen in the bedroom Johnson shared with her mother. Ghaster finally testified that she also spoke to Johnson in the interrogation room on January 24, 1983, and that Johnson related to her a detailed description of two sexual encounters he had with the victim.

Detective Mickey Bromund testified in the State's case in chief. Bromund said Johnson admitted to him that he engaged in two sexual acts with the victim, one on June 25, 1982, and a second on December 15, 1982. Bromund, like Ghaster, testified to a version of the alleged admissions made by Johnson, however Bromund, also like Ghaster, did not take notes during the interview.

In his own defense, Willie Johnson denied either having sexual contact with the victim, whom he said he considered to be his daughter, or admitting to either Ghaster or Bromund that he was guilty of the acts charged against him. He also testified that he told Ghaster that the child spent the summer of 1982 in New Orleans. Johnson did admit that he was living with the victim and the victim's mother prior to his arrest.

During closing arguments, defense counsel objected to a statement in the State's rebuttal concerning proof of penetration. The trial court denied the objections stating, "The court finds that there is evidence." The jury subsequently found Johnson guilty of three counts of aggravated indecent liberties with a child and three counts of inde-

cent liberties with a child. The trial court later sentenced Johnson to three consecutive terms of 30 years' imprisonment for a total of 90 years. Johnson appeals from the convictions and sentences.

The jury found Johnson guilty of aggravated indecent liberties with a child based on the evidence recounted above. On appeal Johnson contends that he was prejudiced by the erroneous admission into evidence of the testimony of Officer Shields, Nurse Bogdanowski, and Assistant State's Attorney Ghaster relating the details of the victim's complaints against Johnson. Johnson contends that this testimony was inadmissible hearsay; whereas the State contends that the admission of the details of the victim's complaints was wholly appropriate under the spontaneous-declaration and prompt-complaint exceptions to the hearsay rule. We agree with the position taken by Johnson that admission of the details of the victim's statements to Shields, Bogdanowski, and Ghaster was improper.

OPINION

SPONTANEOUS DECLARATION

According to the State's witnesses, the statements referred to above were made two days after the alleged third "attack" upon the victim by defendant over a seven-month period. This two-day time lapse itself disqualifies the victim's statements from admissibility under the spontaneous-declaration (excited-utterance) exception to the hearsay rule.

The requirements for the admissibility into evidence of a spontaneous declaration are threefold: (1) the occurrence must be sufficiently startling to produce a spontaneous, unreflecting statement; (2) absence of time for fabrication; and (3) the statement must be relative to the circumstances of the occurrence. (*People v. Poland* (1961), 22 Ill. 2d 175.) Because the statements referred to here were two days removed from the third of the three incidents, in our view, any guarantee that the statements were spontaneous, unreflecting, or absent fabrication has been removed.

PROMPT COMPLAINT

Section 115—10 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1983, ch. 38, par. 115—10) created a statutory "prompt complaint" exception to the hearsay rule in cases where sexual acts have been perpetrated on a child. (See *People v. Powell* (1985), 138 Ill. App. 3d 150, 485 N.E.2d 560.) Prior to the enactment of this provision, only the victim's prompt complaint of a rape was admissible and

the exception did not apply in a prosecution for indecent liberties. *People v. Romano* (1923), 306 Ill. 502, 138 N.E.2d 169; *People v. Hernandez* (1980), 88 Ill. App. 3d 698, 481 N.E.2d 883.

Section 115—10 became effective on January 1, 1983, and at the time of Johnson's trial provided:

> "In a prosecution for a sexual act perpetrated upon a child under the age of 12, including but not limited to prosecutions for violations of Sections 11—1 through 11—5 of the Criminal Code of 1961, the following evidence shall be admitted as an exception to the hearsay rule:
>
> (1) testimony by such child that he or she complained of such act to another; and
>
> (2) testimony by the person to whom the child complained that such complaint was made in order to corroborate the child's testimony." (Ill. Rev. Stat. 1983, ch. 38, par. 115—10.)

Case law in existence prior to this section forbade recitation of the details of the victim's complaint, permitting only corroborative testimony as to the *fact* of the complaint under the prompt-complaint exception to the hearsay rule. (*People v. Damen* (1963), 28 Ill. 2d 464, 472-74, 193 N.E.2d 25, 30-31; *People v. Leamons* (1984), 127 Ill. App. 3d 1056, 1068, 469 N.E.2d 1137, 1146.) Although section 115—10 permits the expansion of the exception to cases involving prosecution for a sex act perpetrated on a child,[1] this provision has been held not to expand the prompt-complaint exception to allow the testimony of the details of such an act by any person other than the victim. *People v. Powell* (1985), 138 Ill. App. 3d 150, 485 N.E.2d 560; *People v. Leamons* (1984), 127 Ill. App. 3d 1056, 469 N.E.2d 1137.

■ Given the above, it is abundantly clear that the details of the victim's alleged statements to Shields, Bogdanowski, and Ghaster were improperly admitted under the statutory prompt-complaint exception found in section 115—10 of the Code of Criminal Procedure (Ill. Rev. Stat. 1983, ch. 38, par. 115—10). The question then becomes whether the admission of the details of the victim's statements as recounted by the witnesses named above was harmless error under the circumstances of this case. We do not believe this error was harmless.

Recently, in *People v. Salas* (1985), 138 Ill. App. 3d 48, 485 N.E.2d 596, the Second District Appellate Court held that the admis-

---

[1]Section 115—10 became effective on January 1, 1983, and at that time applied to sexual acts upon children under the age of 12. This section was later amended by Public Act 83—1067, sec. 3, effective July 1, 1984, which substituted the age "13" for "12." The statute appears in this opinion as it did at the time of Johnson's trial.

sion of details of the victim's complaint to a police officer in a prosecution for sex acts perpetrated upon a minor under the age of 13 years was clearly erroneous and that the admission of the hearsay statements was not harmless error. There, defendant was convicted of indecent liberties with a child (Ill. Rev. Stat. 1983, ch. 38, par. 11—4(a)(1)), rape (Ill. Rev. Stat. 1983, ch. 38, par. 11—1), and armed violence (Ill. Rev. Stat. 1983, ch. 38, par. 33A—2) based on the predicate felony of indecent liberties with a child. Prior to trial on the rape and armed-violence charges, defendant moved *in limine* to exclude all evidence as to the victim's complaint as made to a police officer. Defendant specifically argued that the details of the victim's complaint were inadmissible hearsay. Defendant's motion *in limine* was denied, and the police officer's testimony was admitted pursuant to section 115—10 of the Code of Criminal Procedure (Ill. Rev. Stat. 1983, ch. 38, par. 115—10).

On appeal the appellate court held that admission of the details of the victim's complaint to the police officer was erroneous pursuant to section 115—10 (Ill. Rev. Stat. 1983, ch. 38, par. 115—10). The court also held that statements made by the victim to the officer detailing the alleged rape and armed-violence counts were not harmless where the state presented no evidence corroborating the testimony of the complaining witness. *People v. Salas* (1985), 138 Ill. App. 3d 48, 54-55, 485 N.E.2d 596, 601.

In determining the prejudicial nature of the erroneously admitted statements in *Salas*, the appellate court analyzed two previous decisions which found harmless the admission of the details of a minor's complaint of a sexual act. In both *In re R.D.* (1985), 131 Ill. App. 3d 612, 476 N.E.2d 62, and *People v. Leamons* (1984), 127 Ill. App. 3d 1056, 469 N.E.2d 1137, the erroneous admission of the details of the complaint was held to be harmless on the basis that the details were established by the testimony of the victim, who was subject to cross-examination. *(People v. Salas* (1985), 138 Ill. App. 3d 48, 54, 485 N.E.2d 596, 600-01.) Although the complaining witness also testified in *Salas*, the *Salas* court distinguished *In re R.D.* and *Leamons*, noting that in *Leamons* there was substantial evidence corroborating the victim's testimony other than the complaint itself, and in *In re R.D.* there was medical evidence confirming a sexual act. (138 Ill. App. 3d 48, 54, 485 N.E.2d 596, 601.) The court also distinguished the case upon which both *In re R.D.* and *Leamons* relied, *People v. Robinson* (1978), 73 Ill. 2d 192, 383 N.E.2d 164, as one where there was also substantial corroborative evidence of the testimony of the complaining witness. *People v. Salas* (1985), 138 Ill. App. 3d 48, 55, 485 N.E.2d

596, 601; see also *People v. Jacobs* (1977), 51 Ill. App. 3d 455, 366 N.E.2d 1064.

It is obvious that a fundamental difference between the *Salas* case, the cases discussed therein, and the case at bar is the fact that the complaining witness did not testify in this case. In *In re R.D.* and *Leamons*, the erroneously related facts were not only established by the minor victim's testimony, which was substantially similar to that of the recounting witnesses, but more importantly the inadmissible testimony was corroborated by evidence other than the testimony of the complaining witness. This avoids the difficult situation contemplated in *People v. Andino* (1981), 99 Ill. App. 3d 952, 425 N.E.2d 1333, where the court noted that the lack of substantial corroborative evidence creates the danger that the jury's verdict is the result of hearing the victim's version more than once. Only here the danger is greater given that the victim herself did not testify. Thus, any other properly admitted evidence was corroborative not of the victim's own testimony, but only of the inadmissible hearsay testimony of Shields, Bogdanowski, and Ghaster.

We note that, aside from the inadmissible details of the victim's complaint, the evidence before the jury in this case included: Johnson's alleged admissions to Ghaster and Bromund; testimony of redness on the victim's chest and between her legs, bruises on her buttocks and an abnormal discharge from her vagina; the nurses's diagnosis of the victim's staph infection; testimony that "pornographic" magazines and a movie projector were present in the bedroom Johnson shared with the victim's mother in the victim's home; and Johnson's denial of the State's contentions regarding his "admissions" and his relationship with the victim, and his contention that the victim was in New Orleans at the time of the alleged first attack.

Given the conflicting nature of the testimony of the State's witnesses in relation to that of Johnson in this case, matters of credibility become of vital importance. Solving such a conflict is for the jury, whose function it is to resolve factual disputes, assess the credibility of witnesses, and determine the weight and sufficiency of the evidence. (*People v. Steffens* (1985), 131 Ill. App. 3d 141, 475 N.E.2d 606.) Indeed, it would be difficult, if not impossible, for this court to gauge the extent to which the jury was influenced by the erroneous admissions of the details of the victim's statements to three of the State's key witnesses or whether the properly admitted evidence was sufficient to support the jury's finding of Johnson's guilt. This situation was seriously complicated when, during the State's rebuttal, the able and concerned trial judge stated that the prosecution had

proferred evidence of penetration at trial. (See *People v. Bernstein* (1911), 250 Ill. 63, 95 N.E. 50 (where our supreme court long ago noted that expressions of opinion by the trial judge in a criminal case are likely to greatly influence the jury).) Though the jury was presented with the conflicting positions argued by the prosecution and defense, the defendant's credibility was severely undermined by the improper admission of the details of the victim's complaint and by the trial court's error in commenting on the evidence.

We believe that errors discussed above are sufficiently serious so as to require a new trial. We do not feel it necessary to address other contentions of error raised by defendant.

Accordingly, the judgment of the circuit court is reversed and remanded.

JIGANTI and McMORROW, JJ., concur.