THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. EMMANUEL BRANCH, Defendant-Appellant.

Fifth District No. 5—86—0480

Opinion filed July 23, 1987.—Rehearing denied August 25, 1987.

Daniel D. Yuhas and Lawrence Bapst, both of State Appellate Defender's Office, of Springfield, for appellant.

John Baricevic, State's Attorney, of Belleville (Kenneth R. Boyle and Stephen E. Norris, both of State's Attorneys Appellate Prosecutor's Office, and Joseph J. Ciaccio, Sr., of counsel), for the People.

PRESIDING JUSTICE KARNS delivered the opinion of the court:

Defendant, Emmanuel Branch a/k/a DeWayne Houser, was convicted by a jury of the offense of aggravated criminal sexual assault. He appeals from the judgment and sentence of six years' imprisonment imposed by the circuit court of St. Clair County. We affirm.

Prior to the incident with which defendant was charged, defendant had been living with the victim, who was then five years old, and the victim's mother for approximately three months. He had recently

been "put out" of the house because of an argument over the victim. The victim testified that on the day in question defendant came into her bedroom and touched her with his hand in the vaginal area. Her testimony was corroborated at trial by her mother, a child abuse investigator from the Illinois Department of Children and Family Services, and a counselor for sexually abused children. The medical evidence revealed that the victim's vagina was "markedly erythematous—red and very inflamed and very tender to touch," consistent with repeated digital penetration or dry intercourse. Defendant denied touching the victim. The jury found defendant guilty of aggravated criminal sexual assault.

■ Defendant raises three questions on appeal pertaining to section 115—10 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1985, ch. 38, par. 115—10). Section 115—10, which reads as follows:

> "[i]n a prosecution for a sexual act perpetrated upon a child under the age of 13, ***, the following evidence shall be admitted as an exception to the hearsay rule:
>
> (1) testimony by such child that he or she complained of such act to another; and
>
> (2) testimony by the person to whom the child complained that such complaint was made in order to corroborate the child's testimony,"

creates a statutory "prompt complaint" exception to the hearsay rule, similar to that existing for rape cases, to those instances where sexual acts have been perpetrated on children. *E.g., People v. Johnson* (1986), 149 Ill. App. 3d 128, 131-32, 500 N.E.2d 657, 659-60. See also *In re C.K.M.* (1985), 135 Ill. App. 3d 145, 148-49, 481 N.E.2d 883, 886; *People v. Leamons* (1984), 127 Ill. App. 3d 1056, 1068, 469 N.E.2d 1137, 1146.

■ Defendant first argues section 115—10 limits the number of witnesses corroborating the victim's complaint to one. Defendant therefore contends the trial court erred in allowing three witnesses to testify to corroborating complaints by the victim. The legislature by enacting section 115—10 obviously determined that a corroborative complaint is sufficiently reliable to enjoy an exemption from the rule against hearsay evidence. (*Cf. People v. Damen* (1963), 28 Ill. 2d 464, 472-74, 193 N.E.2d 25, 30-31.) A second or third complaint is no less reliable or credible. True, there is opportunity for exaggeration or embellishment the longer the time between the incident and each successive complaint. This factor is remedied though through cross-examination (and possible impeachment of the victim from prior inconsistent

statements). (See *In re E.S.* (1986), 145 Ill. App. 3d 906, 911, 495 N.E.2d 1334, 1337. *Cf. People v. Johnson* (1986), 149 Ill. App. 3d 128, 134, 500 N.E.2d 657, 661.) Once the victim testifies and is subject to cross-examination, the rationale for the rule against hearsay evidence virtually disappears. *In re E.S.* (1986), 145 Ill. App. 3d 906, 911, 495 N.E.2d 1334, 1337; *People v. Leamons* (1984), 127 Ill. App. 3d 1056, 1069, 469 N.E.2d 1137, 1146. See also *People v. Robinson* (1978), 73 Ill. 2d 192, 200, 383 N.E.2d 164, 169.

Youthful victims often suffer an inability to articulate on the witness stand or lack credibility in general. Their complaints obviously become more credible, reliable and understandable when supported by corroborative complaint testimony from adults. Those who are close to the victim or who have interviewed the victim and investigated the alleged incident should not be curtailed from testifying and aiding the victim merely because of their numbers or order of talking with the victim. We previously have allowed more than one corroborating complaint witness to testify on a victim's behalf in numerous cases. (See, *e.g., In re E.S.* (1986), 145 Ill. App. 3d 906, 910-11, 495 N.E.2d 1334, 1337; *In re C.K.M.* (1985), 135 Ill. App. 3d 145, 148-50, 481 N.E.2d 883, 886-87; *In re R.D.* (1985), 131 Ill. App. 3d 612, 615, 476 N.E.2d 62, 64-65.) We see no reason to change our position now.

■ Defendant also argues section 115—10 does not allow the corroborative complaint witnesses to testify to the details of the offense charged, especially when in this instance reference to another crime not charged was mentioned. Defendant is correct in his assertion that corroborative complaint witnesses cannot testify to all details related to them. (See, *e.g., People v. Server* (1986), 148 Ill. App. 3d 888, 900, 499 N.E.2d 1019, 1027; *In re E.S.* (1986), 145 Ill. App. 3d 906, 911, 495 N.E.2d 1334, 1337.) What defendant fails to realize, however, is that corroborative complaint testimony must necessarily include some detail to effectively corroborate the fact that a complaint was made and identify the incident as the one before the court. (See *People v. Server* (1986), 148 Ill. App. 3d 888, 900, 499 N.E.2d 1019, 1027; *People v. Powell* (1985), 138 Ill. App. 3d 150, 159, 485 N.E.2d 560, 566. See also *People v. Damen* (1963), 28 Ill. 2d 464, 474, 193 N.E.2d 25, 31.) To the extent that the witnesses here exceeded that boundary, their testimony constituted harmless error. Any impermissible details were substantially corroborated by the testimony of the young victim herself or by medical evidence (particularly relevant to the testimony of the child abuse counselor) or by both. Moreover, the victim was present in court and available for cross-examination after these other witnesses testified. While unfortunate that reference to another crime

was made by one of these witnesses, the testimony was not so prejudicial as to materially affect the jury's verdict in light of the substantial evidence supporting defendant's conviction. The admission of the corroborative complaint witnesses' testimony, taken as a whole, did not constitute reversible error in this instance. See *People v. Server* (1986), 148 Ill. App. 3d 888, 900, 499 N.E.2d 1019, 1027-28; *People v. Lindsey* (1986), 148 Ill. App. 3d 751, 761, 499 N.E.2d 715, 722; *In re E.S.* (1986), 145 Ill. App. 3d 906, 910-11, 495 N.E.2d 1334, 1337. See also *People v. Robinson* (1978), 73 Ill. 2d 192, 200, 383 N.E.2d 164, 168-69. *Cf. People v. Johnson* (1986), 149 Ill. App. 3d 128, 132-34, 500 N.E.2d 657, 660-61; *People v. Salas* (1985), 138 Ill. App. 3d 48, 54-55, 485 N.E.2d 596, 600-01.

 Defendant's final contention in relation to section 115—10 is that any complaint elicited during an interview in response to questioning is inadmissible. The fact that a complaint is made in response to questioning, however, does not necessarily destroy its admissibility. (*People v. Server* (1986), 148 Ill. App. 3d 888, 900, 499 N.E.2d 1019, 1028.) As noted in *Server*, our courts "continue to admit testimony of nurses, police officers, and social workers who question victims." (148 Ill. App. 3d 888, 900, 499 N.E.2d 1019, 1028.) In light of the victim's age, her complaints to the child abuse counselor and investigator had corroborative value. The trier of fact, taking into consideration the questions asked, needed only to determine the relative weight of these complaints. See *In re E.S.* (1986), 145 Ill. App. 3d 906, 910, 495 N.E.2d 1334, 1337. See also *In re C.K.M.* (1985), 135 Ill. App. 3d 145, 149-50, 481 N.E.2d 883, 886-87.

 In his second point on appeal, defendant argues the prosecutor committed reversible error during closing argument in rebuttal by vouching for the credibility of the victim and by calling defendant a liar. Defendant, however, did not object to the prosecutor's comments at trial. Unless the comments were so prejudicial as to deny defendant a fair trial, any error is therefore waived. (See, *e.g., People v. Smothers* (1973), 55 Ill. 2d 172, 176, 302 N.E.2d 324, 326; *People v. Agee* (1980), 85 Ill. App. 3d 74, 86, 405 N.E.2d 1245, 1255.) Such is not the case in this instance. The prosecutor's comments clearly were invited by defense counsel's closing argument. Counsel not only suggested that the victim had been manipulated by her mother but also that the mother had a reason to lie. Defendant cannot claim error if he induces certain comments which would otherwise be improper. (*People v. Agee* (1980), 85 Ill. App. 3d 74, 88, 405 N.E.2d 1245, 1256. See also *People v. Myers* (1966), 35 Ill. 2d 311, 335, 220 N.E.2d 297, 311, *cert. denied* (1967), 385 U.S. 1019, 17 L. Ed. 2d 557, 87 S. Ct.

752.) We also note the trial court is given wide latitude in controlling the character and scope of closing argument in general. (*People v. Smothers* (1973), 55 Ill. 2d 172, 176, 302 N.E.2d 324, 327; *People v. Agee* (1980), 85 Ill. App. 3d 74, 86-87, 405 N.E.2d 1245, 1255.) We find no abuse of the trial court's discretion in this instance, nor do we find the prosecutor's comments so highly inflammatory, upon viewing the argument and proceedings as a whole, as to substantially prejudice defendant or impair his right to a fair trial. See *People v. Agee* (1980), 85 Ill. App. 3d 74, 87-88, 405 N.E.2d 1245, 1255-56. See also *People v. Skorusa* (1973), 55 Ill. 2d 577, 585, 304 N.E.2d 630, 634; *People v. Broadnax* (1975), 26 Ill. App. 3d 67, 72, 325 N.E.2d 23, 27.

Defendant's final contention is that the trial court erred in including an alias in reading the charge to the jury when part of his defense was a denial of the use of that alias. A defendant, however, may be properly charged in his real name as well as under an alias. (*People v. Behymer* (1964), 48 Ill. App. 2d 218, 225, 198 N.E.2d 729, 733.) More importantly, the victim and her mother both identified defendant in court as the person they knew as DeWayne Houser. The victim identified defendant as the one who lived with her and her mother and who touched her vagina. Defendant admitted living with the victim and her mother and that both the victim and her mother referred to him as DeWayne and never called him by his real name. Defendant and DeWayne, for purposes of this case, obviously are one and the same. Any error in reading the charge as written therefore was harmless.

As the record yields sufficient, competent evidence establishing defendant's guilt beyond a reasonable doubt, reversal is not required. For the foregoing reasons, we affirm the judgment of the circuit court of St. Clair County.

Affirmed.

KASSERMAN and WELCH, JJ., concur.