THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
WILLIE HUDSON, Defendant-Appellant.

First District (6th Division) No. 1—87—3575

Opinion filed May 11, 1990.

Randolph N. Stone, Public Defender, of Chicago (Ellen Fishbein and Alison Edwards, Assistant Public Defenders, of counsel), for appellant.

Cecil A. Partee, State's Attorney, of Chicago (Inge Fryklund, Marie Quinlivan Czech, and Timothy F. Moran, Assistant State's Attorneys, of counsel), for the People.

JUSTICE RAKOWSKI delivered the opinion of the court:

Following a bench trial in the circuit court of Cook County, defendant, Willie Hudson, was convicted of two counts of aggravated criminal sexual assault and sentenced to concurrent terms of six years for each count. The issues presented on appeal are: (1) whether the trial court improperly admitted hearsay testimony by the police officer and doctor regarding the complaints of the eight-year old victim; (2) whether the trial court's restriction of defense counsel's cross-examination of two witnesses was reversible error; and (3) whether the evidence was sufficient to convict defendant of aggravated criminal sexual assault on November 21, 1986.

Officer McMahon of the Chicago police department testified for the State that at around 11 on November 25, 1986, he received a call to go to an elementary school on North Sawyer Avenue in Chicago. When he arrived at the school, McMahon learned that a student had a mark on his face that the principal wanted the police to investigate. McMahon spoke with the student, who was a 10-year-old boy named Jeffrey. Over defense counsel's hearsay objection, McMahon testified that Jeffrey told him that the person who put the mark on his face had also been abusing his younger sister. McMahon then asked Jeffrey to have his sister brought to the principal's office. Jeffrey's sister, the victim, arrived and spoke with McMahon. At the trial, McMahon started to testify regarding his conversation with the victim. At that point, defense counsel objected on the grounds of hearsay, but the trial court allowed the officer to testify regarding the victim's statements. The officer stated that he asked the victim what had happened at home. She then told him that defendant had been staying at her apartment and that he had put his privates inside of her. The victim reported that he had done this on several occasions, the most recent one being on November 21, 1986. When McMahon finished talking with the victim, he took her to the hospital.

Dr. Mary Ganz testified that she examined the victim on November 26, 1986. Prior to the examination, she asked the victim if she could tell Ganz why she was being seen. The victim stated that her mother's friend had been hurting her down there, and she pointed to her vaginal area. Ganz stated that when she examined the victim she found evidence of trauma to the hymen based on her observation that the hymenal edges were rounded and thickened. Ganz also testified that there were several interruptions in the hymenal ring, as well as scar tissue and signs of healing. Ganz stated that her physical findings were consistent with penal penetration of the vagina. Ganz also testified that when she examined the rectal area she found fissures as well

as a lax rectal muscle, and that these findings were also consistent with penal penetration of the rectal area. Ganz concluded that the findings indicated that there had been more than one penetration.

On cross-examination, Ganz stated that the interruption in the hymenal opening could have been caused by other forms of penetration.

The victim, who was eight years old, testified that, at the time of the occurrence, she was living in an apartment in Chicago with her mother, defendant, and her three brothers. She stated that she was sleeping on a mattress in the dining room when defendant came over to her. He removed his clothing as well as her nightgown and underpants and kissed her mouth, breasts and genital area. Defendant then lay on top of the victim and penetrated her vagina with his penis. The victim stated that she began to cry but did not scream. She also stated that her brothers, who were sleeping in the same room, were not awakened by the incident.

On cross-examination, the victim testified that defendant had been living with her family for one month. In response to defense counsel's question, she stated that the sexual conduct she described had occurred on November 17, 1986, which was the morning after she and her family moved to a new apartment. She also acknowledged that she did not want defendant living with them. On one occasion she swore at defendant because he slapped her younger brother's hand when he touched an electrical outlet. The victim told defendant not to touch her brother because he was not defendant's son. She also testified that she found defendant's books in the house showing men and women undressed, and she spoke with him about them.

Detective David Nowak testified that at around 2 on the afternoon of November 25, 1986, he arrested defendant and transported him to the police station. At the station, defendant was advised of his *Miranda* rights. Defendant stated that he understood his rights and agreed to talk to the detectives. Nowak and his partner then spoke with defendant for about 15 minutes before contacting the felony review unit. Assistant State's Attorney Erin Jennings arrived, and Nowak was present when she questioned defendant regarding the incident. Nowak testified that the statements defendant made to Jennings were substantially the same as those statements that he made to Nowak earlier that day. Nowak further testified that Jennings then reduced defendant's statement to writing and read it to him. Defendant read the statement himself, made one correction and signed it.

On cross-examination, defense counsel asked Nowak if defendant denied the allegations against him, but the State objected, and the ob-

jection was sustained. At the conclusion of his testimony, Nowak read into the record the statement prepared by Jennings. According to the statement, defendant claimed that the victim was coming on to him sexually. There were also occasions when he was sleeping naked, and the victim would remove the covers and grab his penis. He described other occasions when he was lying down and the victim would climb on top of him. She would then roll and grind her genitals against his genitals. At these times defendant may or may not have had shorts on, and the victim was either naked or wore loose panties. Defendant stated that on one of these occasions his penis possibly slipped into the victim. Defendant further claimed that the victim would follow him into the bathroom when he was bathing or using the toilet. He did not report these incidents to the victim's mother because he did not want to get her in trouble.

Defendant testified in his own behalf that he was 33 years of age and worked as an automobile mechanic until the time of his arrest. He stated that he had been living with the victim's family for about four weeks and that the victim did not like him. He then described an occasion when the victim was found looking at a book which contained a picture of a woman performing oral sex on a man. Defendant stated that the victim's family had been staying at his apartment, but they moved to another apartment on November 16, 1986. That evening defendant stayed with the victim and her family and fell asleep while watching television. At that time, the victim and her brothers were awake and in the bed next to him. Defendant stated that he slept until morning, and he denied having sexual intercourse with the victim. Defendant further testified that on the morning of November 21, 1986, the victim bit and scratched him when he told her to stop hitting her younger brother. He denied having sexual contact with her on that day.

According to defendant's testimony, the woman who prepared his written statement at the police station introduced herself as representative of the Department of Children and Family Services. Defendant spoke to her because she claimed that she needed a statement from him to keep the police from putting the victim and her siblings in a foster home. Defendant also denied making some of the comments contained in the written statement, particularly the comment that his penis possibly slipped into the victim. Defendant further stated that he never saw the written statement being prepared, but he initialed the correction and signed it without knowing the contents.

In rebuttal, Assistant State's Attorney Jennings testified that she identified herself as an assistant State's Attorney and that she was

working for the police. She also stated that she sat next to defendant when she read each line of the statement to him. One correction was made, and it was initialed by everyone who was present. After reading the entire statement to defendant, Jennings gave the statement to defendant to read. After reviewing the statement, defendant signed each page.

On cross-examination, defense counsel asked Jennings if defendant had denied having sexual intercourse with the victim. The State then objected, and the trial court sustained the objection. At a later point in the cross-examination, defense counsel asked Jennings whether she had seen the transcript of Nowak's testimony prior to presenting her own testimony. She responded that she had looked at it briefly, but when defense counsel tried to question her further, an objection raised by the State was sustained.

At the conclusion of closing arguments, the trial court found the victim's testimony clear and convincing and corroborated, and defendant's testimony "perjurious."

I

■ Defendant contends that the trial court's admission of the hearsay testimony of the police officer and physician regarding the complaints of the eight-year-old victim was reversible error. The statute governing the admissibility of the testimony at issue is section 115—10(2) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1985, ch. 38, par. 115—10(2)), which provides:

"In a prosecution for a sexual act perpetrated upon a child under the age of 13 * * * the following evidence shall be admitted as an exception to the hearsay rule:
* * *
(2) testimony by the person to whom the child complained that such complaint was made in order to corroborate the child's testimony."

Under the statute, only testimony that the complaint was made is permissible. It does not permit testimony which contains a detailed account of the complaint or the identity of the alleged assailant. *People v. Branch* (1987), 158 Ill. App. 3d 338, 341, 511 N.E.2d 872; *People v. Server* (1986), 148 Ill. App. 3d 888, 900, 499 N.E.2d 1019.

Defendant first argues that the testimony of Officer McMahon regarding the victim's statements was outside the scope of the statute because it included details of the occurrence as well as the identity of defendant. Although a specific recitation of the complaint is not admissible, some detail is necessary to corroborate the fact that the

complaint was made and identify the incident as the one before the court. (*Branch*, 158 Ill. App. 3d at 341; *Server*, 148 Ill. App. 3d at 900.) In addition, "the admission of unnecessary or impermissible detail, such as the identification of the defendant, will be deemed to be harmless when substantially corroborated by the testimony of the child victim or any other pertinent evidence and the child victim is present in court and available for cross-examination." *Server*, 148 Ill. App. 3d at 900; *People v. Powell* (1985), 138 Ill. App. 3d 150, 159, 485 N.E.2d 560.

In this case, defendant was convicted of two counts of aggravated criminal sexual assault, one occurrence being on November 17, 1986, and one occurrence on November 21, 1986. Officer McMahon testified that when he spoke to the victim she reported that a man staying at her apartment had put his privates inside of her, and that his name was Willie Hudson. McMahon also stated that the victim told him that the sexual contact had occurred on several occasions, and that the most recent occurrence had been on November 21, 1986. However, at the trial, the victim only testified to the occurrence of a sexual incident on November 17, 1986. The only other relevant evidence of the November 21, 1986, incident was Dr. Ganz' testimony, that, based on her findings, the victim had been sexually assaulted on more than one occasion. Evidence of more than one sexual incident was insufficient to show that the sexual offense occurred on November 21, 1986. Therefore, the officer's testimony that the victim reported being sexually assaulted on this date was not corroborated by evidence presented at trial, and the trial court's admission of the officer's testimony regarding the occurrence of the offense on November 21, 1986, was plain error.

However, contrary to defendant's argument, we conclude that the admission of McMahon's testimony regarding the victim's statement as to how she was sexually assaulted was proper where the statement was necessary as evidence that a complaint was made and to identify the incident as the one before the court. Furthermore, the victim's trial testimony as well as the medical evidence corroborated the victim's out-of-court statement to the officer as to how she was sexually assaulted. We also conclude that the officer's testimony regarding the victim's identification of defendant was harmless error where her statement to the officer, naming defendant as the man who sexually assaulted her, was corroborated by her identification of him at the trial.

Defendant also argues that the admission of Dr. Ganz' hearsay testimony was prejudicial. Generally, statements concerning a

cause of injury made to a treating physician are admissible under the physician-patient exception to the hearsay rule. (*People v. Taylor* (1987), 153 Ill. App. 3d 710, 720-21, 506 N.E.2d 321.) However, identification of the offender is outside the scope of this hearsay exception. (*People v. Sexton* (1987), 162 Ill. App. 3d 607, 617, 515 N.E.2d 1359.) Defendant claims that, pursuant to *Sexton*, the trial court's admission of Dr. Ganz' identification testimony was reversible error.

■■ During direct examination, Dr. Ganz testified that she had asked the victim if she knew why she was being examined. In response to the prosecutor's question, Ganz then stated that the victim replied that her mother's friend had been hurting her down there, and she pointed to her vaginal area. When Dr. Ganz presented this testimony, defense counsel failed to object and also failed to raise this issue in his post-trial motion. Failure to raise an issue before the trial court or in a post-trial motion normally waives review of the issue on appeal. (*People v. Enoch* (1988), 122 Ill. 2d 176, 186, 522 N.E.2d 1124; *People v. Friesland* (1985), 109 Ill. 2d 369, 374, 488 N.E.2d 261.) "The reviewing court may review the error, however, where the evidence is close or the error affects the accused's substantial rights." *Sexton*, 162 Ill. App. 3d at 615.

In the instant case, the hearsay statement at issue was the victim's statement that her mother's friend hurt her. Any evidence that was admitted through Ganz' testimony regarding the victim's statement was corroborated by the victim's in-court testimony and identification of defendant. Thus, we conclude that any error resulting from the admission of Dr. Ganz' testimony regarding the victim's statements was harmless. We also find that defendant's failure to object to the admission of the testimony waived review of the issue on appeal.

■■ Defendant also claims that the introduction of the statements the victim made to Officer McMahon and Dr. Ganz was improper because they were made in response to questioning and were not voluntary or spontaneous. In support of his argument, defendant cites *People v. Taylor* (1971), 48 Ill. 2d 91, 97, 268 N.E.2d 865, and *People v. Harris* (1985), 134 Ill. App. 3d 705, 714, 480 N.E.2d 1189. However, both cases are factually distinguishable where the victim in both instances was 16 years of age so that section 115—10 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1985, ch. 38, par. 115—10) was not applicable. The victims in *Taylor* and *Harris* were also asked a series of specific questions regarding the sexual assaults. In the instant case, Officer McMahon only asked the complainant what had happened at home, and Dr. Ganz asked her if she knew why she was being seen. In both instances, the complainant was not asked a series

of questions, and the questions she was asked were indirect. Furthermore, in cases involving a minor who is younger than 13 years of age, the fact that a complaint is made in response to questioning does not destroy its admissibility. (*Branch*, 158 Ill. App. 3d at 342; *Server*, 148 Ill. App. 3d at 900.) Therefore, the fact that the victim's statements were made in response to a question did not affect their admissibility.

■ Defendant further argues that Officer McMahon's testimony regarding his conversation with the victim's brother was improperly admitted under the hearsay rule. When McMahon was asked about his conversation with the victim's brother during direct examination, defense counsel objected, but the trial court overruled the objection and allowed admission of the conversation. Although defense counsel objected at the trial, he did not address this issue in his post-trial motion. "*Both* a trial objection *and* a written post-trial motion raising the issue are required for alleged errors that could have been raised during trial." (Emphasis in original.) *Enoch*, 122 Ill. 2d at 186.

■ In addition to his contention that the corroborating evidence was improperly admitted hearsay which was prejudicial, defendant also claims that the victim's testimony was biased and, therefore, not clear and convincing. The basis for his argument was the victim's testimony on cross-examination that she preferred to have her father living with her and her family, and her acknowledgement of instances when she had been angry with defendant. However, the existence of a motive to lie does not render testimony unconvincing. (*Sexton*, 162 Ill. App. 3d at 614.) In addition, the credibility of the witnesses and the weight to be given their testimony is exclusively within the province of the trier of fact. *People v. Collins* (1985), 106 Ill. 2d 237, 261-62, 478 N.E.2d 267.

In spite of any motive that the victim may have had to lie, she was able to give a detailed account of how she was sexually assaulted, and she was able to demonstrate the conduct on the anatomical dolls which were provided. Thus, we conclude that the trial court's finding that the victim's testimony was clear and convincing was supported by the evidence.

## II

Defendant next contends that the trial court's undue restriction of his cross-examination of Detective Nowak and Assistant State's Attorney Jennings precluded him from introducing exculpatory portions of his conversations with them. The conversations to which defendant refers occurred at the police station following his arrest. Nowak testified that he spoke with defendant for approximately 15 minutes and

made notes of the conversation in his general progress report. He also stated that he was present during defendant's meeting with Jennings, and that the substance of the statement to Jennings was essentially the same as defendant's conversation with him. Defendant claims that during his conversation with Nowak, he denied having sex with the victim. After his conversation with Nowak, defendant gave a statement to Jennings which she reduced to writing. However, defendant's written statement which Nowak read into the record contained no information that defendant denied the charges against him. During cross-examination, defense counsel tried to question Nowak regarding his oral conversation with defendant, but the State objected, and the objection was sustained. Defense counsel also tried to question Jennings on cross-examination in an attempt to elicit testimony that defendant had denied assaulting the victim, but the State's objection was again sustained.

■ "The scope of cross-examination is a determination which rests largely in the discretion of the trial court." (*People v. Visnack* (1985), 135 Ill. App. 3d 113, 121, 481 N.E.2d 744, citing *People v. Kline* (1982), 92 Ill. 2d 490, 442 N.E.2d 154.) Furthermore, a statement made by a defendant when he was in custody, which is now offered in his favor, is not an admission, and it is subject to objection on hearsay grounds. (*People v. Visnack*, 135 Ill. App. 3d at 127.) Therefore, statements defendant allegedly made to Nowak denying that he had sex with the victim would be inadmissible hearsay.

In addition, defendant argues that it was error to restrict his cross-examination of both witnesses because their testimony was admissible under the completeness doctrine, and the excluded testimony would have corroborated his own testimony denying the offense and bolstered his credibility. Defendant's argument regarding the completeness doctrine is based on the fact that his alleged written statement, which was admitted, contained an inculpatory statement attributed to him. He claims that Nowak's testimony of defendant's statements should have been admitted as further evidence that he denied assaulting the victim. Defendant also claims that his cross-examination of Jennings was permissible under the completeness doctrine because the written statement that was read was not his statement, and he had not told Jennings that his penis possibly slipped into the victim.

■ The completeness doctrine permits a party to introduce the remainder of a conversation or a writing in order to correctly convey its true meaning to the trier of fact. (*People v. Hosty* (1986), 146 Ill. App. 3d 876, 884, 497 N.E.2d 334.) Under this doctrine, "the admissi-

bility of that remainder must be limited to what was said on the same subject at the same time." *Hosty*, 146 Ill. App. 3d at 884.

 In this case, none of defendant's oral conversation with Nowak was admitted, so that his alleged oral statements of denial were not admissible to complete this conversation. Defendant's argument that his cross-examination of Jennings should have been permitted under the completeness doctrine to correct the alleged errors in the written statement is also without merit. Although defendant denied that the statement was an accurate writing of his conversation with Jennings, it contained his signature, as well as his initials on the one correction that was made. Furthermore, Jennings testified that after she reduced the statement to writing, she first read it to defendant and then gave the statement to him to review. Defendant presented no evidence other than his own allegation that the written statement was inaccurate or incomplete.

We also conclude that the trial court's limitation of defense counsel's cross-examination was not error where defendant was able to deny the charges in his own testimony and present the same evidence to the trier of fact that he claims he was precluded from presenting during his cross-examination of the State's witnesses. (*People v. Houston* (1986), 151 Ill. App. 3d 102, 113, 502 N.E.2d 1111.) Even if the trial court's rulings were error, there is other properly admitted evidence which supports defendant's conviction. *People v. Wilkerson* (1981), 87 Ill. 2d 151, 157, 429 N.E.2d 526.

For these same reasons, we also conclude that the trial court's restriction of defendant's cross-examination of Jennings pertaining to her review of Nowak's testimony was not reversible error.

### III

 Defendant's final contention is that the State failed to prove beyond a reasonable doubt that he committed aggravated criminal sexual assault on November 21, 1986. Defendant argues that the victim did not testify to the incidence of sexual contact on that date and the remaining evidence was insufficient to support the conviction beyond a reasonable doubt. "When presented with a challenge to the sufficiency of the evidence, *** [citation] 'the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" (Emphasis in original.) *Collins*, 106 Ill. 2d at 261, quoting *Jackson v. Virginia* (1979), 443 U.S. 307, 319, 61 L. Ed. 2d 560, 573, 99 S. Ct. 2781, 2789.

Dr. Ganz testified that the medical evidence from her examination of the victim supported the conclusion that the victim had been sexually assaulted on more than one occasion. However, Officer McMahon's hearsay testimony was the only evidence that a sexual incident had occurred on November 21, 1986. Because the officer's testimony regarding the victim's statement pertaining to this date was not corroborated by any other trial evidence, the hearsay statement was improperly admitted. Exclusive of this evidence, there was no other evidence to support defendant's conviction for aggravated criminal sexual assault on November 21, 1986.

Accordingly, defendant's conviction for aggravated criminal sexual assault on November 21, 1986, is reversed, and his conviction for aggravated criminal sexual assault on November 17, 1986, is affirmed. Because the six-year sentence which the trial court imposed for aggravated criminal sexual assault on November 17, 1986, is the minimum sentence defendant could receive, no prejudice will result from our affirmance of this sentence. *People v. Shimkus* (1985), 135 Ill. App. 3d 981, 990, 482 N.E.2d 194.

Judgment reversed in part and affirmed in part.

LaPORTA, P.J., and McNAMARA, J., concur.