THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
T.L. SMITH, Defendant-Appellant.
Third District   No. 3—90—0859

Opinion filed December 9, 1991.

David P. Bergschneider and Lawrence J. Essig, both of State Appellate Defender's Office, of Springfield, and Robert Agostinelli, of State Appellate Defender's Office, of Ottawa, for appellant.

Kevin W. Lyons, State's Attorney, of Peoria (Gary F. Gnidovec, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE GORMAN delivered the opinion of the court:

The defendant, T.L. Smith, was indicted on one count of aggravated criminal sexual assault for allegedly fondling and having sexual intercourse with L.H., an 11-year-old girl.

At the time of the incidents, Smith was living with L.H., her mother, her brother and her sister. L.H. testified as to two separate instances of abuse. The first time, Smith came into the bedroom which the victim shared with her siblings. Smith woke up L.H., moved her from the bed to the floor and undressed her. He then inserted his finger into her vagina following which he had intercourse with her. The victim then returned to bed and went back to sleep. The following morning, she told her sister about the event. Later that same day, L.H. also reported it to her mother.

The second instance of abuse occurred a few days later when no one else was home. The acts performed were substantially the same. The victim again told her mother of the incident.

Sometime later, the victim's family and defendant went to Dallas to visit the children's natural father. During this time, L.H.'s father learned of the incidents and questioned L.H. about them. The father's girlfriend also questioned L.H. about the events. The victim further discussed the abuse over the phone with Tommie Moton, a juvenile detective for the Peoria police department.

At trial, L.H.'s sister, L.H.'s father, the father's girlfriend and the detective all testified that the victim told them substantially the same story.

Jay Brenneman, an investigator with the Department of Children and Family Services (DCFS), testified during rebuttal that he interviewed the defendant at the DCFS office. During the interview, Brenneman stated that he believed the girl and that there was the possibility of the children being removed from the home for their protection. Brenneman had never interviewed the child but instead relied on the report of a Texas official which found L.H. credible. At some point during the interview, Smith signed an admission which was drafted by Brenneman.

During trial, Smith repeatedly denied abusing L.H. The jury found Smith guilty, and he was sentenced to five years' imprisonment. This appeal followed.

The defendant claims that the trial court erred in admitting testimony concerning statements made by L.H. He contends that such evidence is precluded unless a pretrial hearing is held pursuant to section 115—10 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1989, ch. 38, par. 115—10). No such hearing was held in this case.

■ The prosecution of sexual abuse cases always presents special problems of proof. The most obvious difficulty is the fact that usually the only witness to the crime is a young child who may not be able to testify adequately about what occurred. (*People v. Rocha* (1989), 191 Ill. App. 3d 529, 547 N.E.2d 1335.) Youthful victims' complaints obviously become more credible, reliable and understandable when supported by corroborative testimony from adults. (*People v. Branch* (1987), 158 Ill. App. 3d 338, 511 N.E.2d 872.) The legislature has provided section 115—10 as a mechanism for allowing into evidence the out-of-court statements of children who are victims of sexual abuse.

Section 115—10 governs the admissibility of "testimony of an out of court statement made by [the complainant-child] describing any complaint of such act or matter or detail pertaining to any act which is an element of an offense which is the subject of a prosecution for a sexual act perpetrated upon a child." Ill. Rev. Stat. 1989, ch. 38, par. 115—10(a)(2).

The statute provides:

(b) Such testimony *shall only be admitted if*:

(1) The court finds in a hearing conducted outside the presence of the jury that the time, content, and circumstances of the statement provide sufficient safeguards of reliability; and

(2) The child either:

(A) Testifies at the proceeding; or

(B) Is unavailable as a witness and there is corroborative evidence of the act which is the subject of the statement. (Emphasis added.) Ill. Rev. Stat. 1989, ch. 38, pars. 115—10(b)(1), (b)(2).

This rule has built in protections to insure that that only credible evidence is admitted. The statement must show a "particularized guarantee of trustworthiness." (*People v. Coleman* (1990), 205 Ill. App. 3d 567, 581, 563 N.E.2d 1010; accord *Idaho v. Wright* (1990), 497 U.S. 805, 111 L. Ed. 2d 638, 110 S. Ct. 3139.) The required finding that the statement provides "sufficient safeguards of reliability" must be understood to be of a comparable nature with a finding that the circumstances of the statement render the declarant particularly worthy of belief. (*Coleman*, 205 Ill. App. 3d at 584, 563 N.E.2d at 1021.) Therefore, in order to insure the defendant a fair trial, it is imperative that the trial court first examine the hearsay evidence before its submission to the jury.

Initially, the State is correct in its assertion that there was no error in allowing the testimony of the victim's mother or the DCFS worker. L.H.'s mother was called as a defense witness, and the complained-of

comments were elicited by defense counsel. Brenneman, the DCFS investigator, never testified as to any statements made by the victim.

The problem lies with the testimony of the other witnesses. Their statements are clearly within the purview of section 115—10. The State argues that Smith waived the right to a hearing and that failure to conduct a hearing was not plain error.

A recent case has dealt with the issue of admitting similar hearsay statements without holding the required hearing. (*People v. Kargol* (1991), 219 Ill. App. 3d 66, 578 N.E.2d 1356.) In *Kargol*, the court found that the failure to hold a hearing was error and was not waived by the defendant's failure to object. The court held that the proponent of the evidence, *i.e.,* the State, bore the burden of requesting the admissibility hearing. The court remanded, ordering the trial court to hold the requisite hearing.

The State relies on *People v. Roy* (1990), 201 Ill. App. 3d 166, 558 N.E.2d 1208, for the proposition that the issue was waived. *Roy*, however, is inapplicable here. A bench trial was involved in *Roy*. The appellate court assumed that the trial judge only considered proper evidence in passing judgment and that he therefore must have found the statements reliable, despite the fact that he did not make a specific, express finding.

■ Here, we are dealing with a jury trial. There was no hearing as mandated by section 115—10 to make the necessary determination prior to submission of the evidence to the jury. Additionally, the jury was not given the statutorily required direction pursuant to section 115—10(c) regarding the weight to be given such evidence. The simple fact that the evidence was admitted does not establish its admissibility. "Since the hearsay exception contained in section 115—10 is not a firmly rooted hearsay exception [citations], the statement must show a particular guarantee of trustworthiness to be admissible." (*Coleman*, 205 Ill. App. 3d at 583, 563 N.E.2d at 1020.) Thus the hearing is a necessary prerequisite to the admission of the hearsay statements.

Sections 115—10(b)(1) and (d) indicate that a hearing must be held and the proponent of a statement must give the adverse party notice of the intent to use the statement. (Ill. Rev. Stat. 1989, ch. 38, pars. 115—10(b)(1), (d).) In *Kargol*, the court remanded without reversal to determine at a hearing pursuant to section 115—10 whether the requirements of the statute were met. It is important to note that in *Kargol* the jury received the mandated directions for the consideration of the hearsay evidence.

Here, the State sought to use the hearsay statements at trial. By so doing, it assumed the burden of requesting the statutorily mandated ad-

missibility hearing prior to the actual in-court testimony. No hearing was held. Thus the admission of the testimony without a hearing constitutes reversible error. The State may well have assumed that defense counsel would certainly insist on the required hearing. We point this out as a dangerous assumption because it clearly raises the clearest possible claim of incompetence on the part of defense counsel.

Since we reverse on these grounds, we need not address Smith's contention that section 115—10, as written, violates sixth amendment confrontation clause principles under the standard propounded in *Idaho v. Wright* (1990), 497 U.S. 805, 111 L. Ed. 2d 638, 110 S. Ct. 3139. It is only after examining the determination made by the trial court following such a hearing that a reviewing court can determine whether the requirement of *Wright* has been met. Kling, *The Confrontation Clause & Illinois' Hearsay Exception for Child Sex Abuse Victims*, 79 Ill. B.J. 560 (1991).

For the foregoing reasons, the judgment of the circuit court of Peoria County is reversed and the cause remanded for a new trial, with instructions that the court hold an admissibility hearing prior to the introduction of the hearsay statements.

Reversed and remanded.

BARRY and SLATER, JJ., concur.