THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. GILBERTO E. ROCHA, Defendant-Appellee.

Second District    No. 2—88—0942

Opinion filed December 13, 1989.

Dennis Schumacher, State's Attorney, of Oregon (William L. Browers and Mary Beth Burns, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

James P. Minnihan and Timothy William Johnson, both of Minnihan Law Offices, of Sycamore, for appellee.

JUSTICE WOODWARD delivered the opinion of the court:

The defendant, Gilberto Rocha, was arrested for the crime of aggravated criminal sexual assault in violation of the Criminal Code of 1961 (Ill. Rev. Stat. 1987, ch. 38, par. 12—14(b)(1)). Pursuant to the statutory hearsay exception pertaining to victims of sexual abuse under age 13 (Ill. Rev. Stat. 1987, ch. 38, par. 115—10), the State filed notice of its intent to offer the out-of-court statements of the alleged victim (child), age three, into evidence at trial. The defendant objected. The trial court ruled that the child's statements were inadmissible hearsay and that they did not meet the statutory terms under which they were offered because the child was not "unavailable" as a witness. The State's appeal of the trial court's ruling presents this court with an issue of first impression. The question before us hinges on the interpretation of when a witness is, in fact, "unavailable" under the new statutory hearsay exception, section 115—10 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1987, ch. 38, par. 115—10(b)(2)(B)). Because we believe the trial court's ruling rested upon an incorrect interpretation of this statute, we reverse the trial court and remand the cause for further proceedings.

THE CAUSE BELOW

The State presented the following facts at several pretrial hearings. On August 26, 1987, the date of the alleged offense, the defendant, age 48, resided at the home of his sister, Maria Lara. Mrs. Lara was the regular baby-sitter for several children including the alleged child victim, at that time a three-year-old female. The child's mother dropped her off at the Lara house sometime between 6:20 a.m. and 6:30 a.m. on the morning in question. The child did not immediately complain to her mother or anyone else regarding any incident of sexual abuse, but at about this time the child began to cry and resist when going to the Lara house. Two days later, August 28, 1987, was the last time the child's mother used Mrs. Lara as her baby-sitter.

On October 14, 1987, the child allegedly told her mother that she did not want to go to the Lara house because "Uncle Zomba put a big thing" in her "cola." According to the State, defendant was known as "Zomba," and "cola" was a Spanish slang term for both the vaginal and anal areas. The mother then placed a call to the child-abuse hot line, which led to an investigation by the Department of Children and Family Services (DCFS).

Ray Garrett, an investigator for the DCFS, conducted two interviews with the child on October 21, 1987. The child and her mother were present at the first interview with Garrett, and the child recounted essentially the same thing she had previously told her mother. Garrett returned for a second interview with the child, this one conducted with the assistance of anatomically correct dolls and in the presence of an investigator and an officer from the Ogle County sheriff's department. Asked to demonstrate what had occurred, the child called one doll by her own name and the other doll "Zomba" and then placed the dolls face to face to show contact between the penis and vaginal area. She stated that "Zomba" had put his "pee-pee" on her "cola."

The next day, October 22, 1987, the defendant was subject at the Rochelle police department to noncustodial questioning about the incident. Shortly after the questioning began, defendant was advised of his *Miranda* rights. Questioning of defendant then continued. Soon thereafter the police advised the defendant that he would be charged and asked him to repeat his statement in front of a videotape camera. He agreed.

In this videotaped statement the defendant stated that the child and he had been alone in the Lara House for a short time on the morning of August 26, 1987. The defendant stated that the child sat next to him on the couch and asked him to change her diaper. He did

not do so because he could find no clean diapers; he stated that the child removed the diaper herself and was naked. The child then sat upon the defendant, who had his untucked shirt covering his unzipped pants; defendant lifted his shirt and then touched the child's vagina with his penis and his hand. He stated that the "devil" had come over him.

The defendant was bound over for trial following a preliminary hearing on November 12, 1987. The defendant moved to quash his arrest and suppress evidence, including the videotaped statement, but the trial court denied the motion. Prior to trial the State filed a notice of intent to offer into evidence the out-of-court statements made by the child to her mother and DCFS investigator Garrett. Because the child would not be testifying at trial, the hearsay evidence in question was offered under the statutory provision applicable when the child victim is "unavailable as a witness" (Ill. Rev. Stat. 1987, ch. 38, pars. 115—10(b)(2)(B), (d)).

The defendant moved to exclude the out-of-court statements, and a hearing was held on the issue September 12, 1988. At that hearing, counsel for the defendant and the State stipulated that the child was not competent to testify at trial because of her young age. After hearing the arguments of counsel, the trial court held that the child's statements were not admissible under either a common-law hearsay exception or the provisions of the statutory hearsay exception. Specifically, the trial court ruled that the victim's incompetence to testify in this case was not within the meaning of the word "unavailable" as used in the statute.

The State filed a motion to reconsider, which was denied. The State then timely filed a certificate of impairment pursuant to Supreme Court Rule 604(a)(1) (107 Ill. 2d R. 604(a)(1)) and a notice of appeal. Jurisdiction of the appeal of the trial court's order suppressing evidence is appropriate pursuant to Supreme Court Rule 604(a) (107 Ill. 2d R. 604(a)). (See *People v. Hatfield* (1987), 161 Ill. App. 3d 401.) The State claims on appeal that the trial court incorrectly determined that an incompetent child witness is not an "unavailable" witness within the meaning of the statutory hearsay exception and asks this court to reverse the trial court's ruling and remand the cause for further proceedings. This court first will examine what constitutes an "unavailable" witness within the context of the statute. We will then address the constitutional implications of this statutory interpretation.

## THE STATUTORY HEARSAY EXCEPTION

In order to decipher the legislature's intent in enacting the current

version of the child sexual abuse hearsay exception, it is pertinent to explore the development of Illinois law on this subject.

The spectre of child sexual abuse is one of the most troubling issues confronting our society today. It has been estimated that some 400,000 children are sexually abused every year in the United States. (See G. Skoler, *New Hearsay Exceptions for a Child's Statement of Sexual Abuse,* 18 J. Marshall L. Rev. 1 (1984).) These cases present special problems of proof that make their prosecution especially difficult. The most obvious difficulty is the fact that usually the only witness to the crime is a young child who may not be able to testify adequately about what occurred. The courtroom setting can be intimidating to the child attempting to recount the incident of abuse, and cross-examination is likely to confuse the child witness. A child may retract a claim of sexual abuse because of the guilt or fear caused by the event. Moreover, when the perpetrator is a friend or family member, the child may even fear the consequences for the offender. The child may simply refuse to retell his or her story in open court, and sometimes parents will decline to prosecute the case rather than subject the child to what amounts to yet another trying ordeal. See generally G. Skoler, *New Hearsay Exceptions for a Child's Statement of Sexual Abuse,* 18 J. Marshall L. Rev. 1, 5-7 (1984); Notes, *The Testimony of Child Victims in Sex Abuse Prosecutions: Two Legislative Innovations,* 98 Harv. L. Rev. 806, 806-09 (1985).

Given the limitations inherent in the courtroom testimony of young children, courts have looked to traditional common-law hearsay exceptions to allow into evidence the out-of-court statements of alleged child victims. Illinois has long accepted both the spontaneous utterance and the prompt corroborative complaint exceptions to the general rule against hearsay. (*People v. Damen* (1963), 28 Ill. 2d 464, 471-72.) The Illinois legislature codified a slightly altered version of the corroborative complaint hearsay exception when it enacted the original version of section 115—10 of the Code of Criminal Procedure of 1963 in 1983. (Ill. Rev. Stat. 1983, ch. 38, par. 115—10; see *People v. Goebel* (1987), 161 Ill. App. 3d 113, 118-19.) Unlike the common-law prompt complaint doctrine, the statutory version did not view the promptness of the complaint as an issue of admissibility; rather, any delay in reporting an incident of sexual abuse was to affect the weight given the statement. *In re M.M.* (1988), 171 Ill. App. 3d 334, 343 (six-month delay in reporting of sexual abuse was an issue of weight, not admissibility, of the evidence).

This original version of section 115—10 required, by its own terms, that the child victim must testify before any out-of-court statements

might be brought into evidence. This obviated the issue of the defendant's right to cross-examine the witness. Because any out-of-court statements would only be offered in addition to the victim's own in-court testimony, Illinois courts interpreted the old section 115—10 to allow only corroborative testimony and thus would not allow detailed repetition of the out-of-court statements. (*In re M.M.*, 171 Ill. App. 3d at 340-42; *People v. Salas* (1985), 138 Ill. App. 3d 48, 55.) It is in this light that the newly enacted section 115—10 must be read.

The recently revised version of the statute reads as follows:

"(a) In a prosecution for a sexual act perpetrated upon a child under the age of 13, including but not limited to prosecutions for violations of Sections 12—13 through 12—16 of the Criminal Code of 1961, the following evidence shall be admitted as an exception to the hearsay rule:

(1) testimony by such child of an out of court statement made by such child that he or she complained of such act to another; and

(2) testimony of an out of court statement made by such child describing any complaint of such act or matter or detail pertaining to any act which is an element of an offense which is the subject of a prosecution for a sexual act perpetrated upon a child.

(b) Such testimony shall only be admitted if:

(1) The court finds in a hearing conducted outside the presence of the jury that the time, content, and circumstances of the statement provide sufficient safeguards of reliability; and

(2) The child either:

(A) Testifies at the proceeding; or

(B) Is unavailable as a witness and there is corroborative evidence of the act which is the subject of the statement.

(c) If a statement is admitted pursuant to this Section, the court shall instruct the jury that it is for the jury to determine the weight and credibility to be given the statement and that, in making the determination, it shall consider the age and maturity of the child, the nature of the statement, the circumstances under which the statement was made, and any other relevant factor.

(d) The proponent of the statement shall give the adverse party reasonable notice of his intention to offer the statement and the particulars of the statement." Ill. Rev. Stat. 1987, ch. 38, par. 115—10.

This replaces the corroborative complaint hearsay exception with a

comprehensive hearsay exception applicable in any prosecution based upon a sexual act perpetrated upon a child under the age of 13. The new statute effectively counters the results in decisions such as *In re M.M.* and *People v. Salas* because section 115—10 now allows into evidence the detailed testimony of the person to whom the child has complained.

The recent amendment to section 115—10, however, did something more. The prior version of this section was predicated on the assumption that the minor victim would, in fact, testify at trial and be subject to cross-examination. The new section 115—10 contains an additional method by which the State may offer into evidence the out-of-court statements of the child victim even where the child does not testify. As set forth above, this provision allows the out-of-court statements if the child is "unavailable as a witness and there is corroborative evidence of the act which is the subject of the statement." Ill. Rev. Stat. 1987, ch. 38, par. 115—10(b)(2)(B).

What constitutes an "unavailable" witness per the terms of the new statute is the question before this court. As we noted above, there are unique problems associated with the in-court testimony of child victims that suggest a number of possible meanings for unavailability. At one extreme, the child might be deemed "unavailable" merely if hesitant or reluctant to testify. At the other extreme, perhaps only outright impossibility ought to suffice for unavailability. In between these two poles lies the myriad of subtle problems particular to child testimony. When does the absolute refusal of the child to testify approach impossibility? How does the ability of a willing child witness to communicate effectively affect his availability? Does the child's competence to testify, evaluated by traditional judicial standards, impact upon whether the child is deemed "unavailable"?

The defendant in this case argues that the Illinois Supreme Court's decision in *People v. Johnson* (1987), 118 Ill. 2d 501, compels us to find that a child unable or unwilling to testify is not "unavailable" within the meaning of section 115—10. The trial court was persuaded that *People v. Johnson* required such a result. We disagree. The court in *People v. Johnson* refused to equate reluctance to testify with unavailability for the purposes of Supreme Court Rule 414 (107 Ill. 2d R. 414), not section 115—10. Rule 414 allows for the taking of evidence depositions before trial if it appears that a witness may be "unavailable" at the time of trial. The deposition can then be used as evidence. (107 Ill. 2d R. 414.) This rule is one of general applicability in criminal cases, and the court declined to equate all reluctant witnesses, including adults, with "unavailable" witnesses within the meaning of Rule 414.

Section 115—10, however, is not broadly applicable, but deals only with the special problem of child-victim witnesses. Hence, the fact that the supreme court declined generally to equate reluctance with unavailability does not compel the same result in a more specialized instance.

In *People v. Johnson,* the Illinois Supreme Court specifically referred to the particular problems associated with child-victim witnesses:

> "[W]e feel compelled to acknowledge the special difficulties presented by cases such as these, where the witness in question is a young child whose fear and reticence is probably nonvolitional and hence understandable. However, it is our view that any attempts to resolve these difficulties must be initiated by the legislature." (*Johnson,* 118 Ill. 2d at 510.)

Section 115—10 appears to be the kind of legislative initiative the supreme court has invited. This provision seeks to balance the need for reliable testimony against the particular problems of the child-victim witness. As such, it is reasonable to conclude that the legislature intended that the term "unavailable" in the statute should include those victims who are unable to testify due to fear or similar factors.

Illinois is not the first State to adopt such an unavailability standard for this kind of hearsay exception. The Florida legislature, for example, enacted a statutory hearsay exception that is quite similar to section 115—10, and that State accepts the possibly harmful effects that testifying might have on the child's mental and emotional well-being as one facet of availability. In *Perez v. State* (Fla. 1988), 536 So. 2d 206, the Florida Supreme Court upheld the constitutionality of the Florida statutory hearsay exception, section 90.803(23), Florida Statutes (1985). The exception applies to the out-of-court statements of a victim with a physical, mental, emotional, or developmental age of 11 or less pertaining to sexual abuse. Under the statute, the trial court must first (1) independently determine that the statement is sufficiently reliable, and (2) the child must testify, or:

> "Is unavailable as a witness, provided that there is other corroborative evidence of the abuse or offense. Unavailability shall include a finding by the court that the child's participation in the trial or proceeding would result in a substantial likelihood of severe emotional or mental harm ***." *Perez,* 536 So. 2d at 207 n.1.

A number of State high courts have also found that the inability or hesitance of a child victim of sexual abuse to testify constitutes unavailability. *State v. Robinson* (1987), 153 Ariz. 191, 735 P.2d 801 (uncommunicative child is incapable of testifying and thus unavailable);

*State v. Giles* (1989), 115 Idaho 984, 772 P.2d 191 (three-year-old child was incapable of communicating to the jury and was thus unavailable); *State v. Chandler* (1989), 324 N.C. 172, 376 S.E.2d 728 (child witness became unresponsive during testimony and was ruled unavailable); *State v. McCafferty* (S.D. 1984), 356 N.W.2d 159 (child victim present in courtroom but unable to testify effectively deemed unavailable); see also *United States v. Iron Shell* (8th Cir. 1980), 633 F.2d 77; M. Graham, *The Confrontation Clause, the Hearsay Rule, and Child Sexual Abuse Prosecutions: The State of the Relationship*, 72 Minn. L. Rev. 523 (1988).

The State of Washington enacted its child sex victim hearsay exception in 1982, and this provision has become the model for most other State statutory efforts in this field. (See Note, *The Testimony of Child Victims in Sex Abuse Prosecutions: Two Legislative Innovations*, 98 Harv. L. Rev. 806, 811 (1985).) Washington's Supreme Court has held that the prosecution may not stipulate to the child victim's incompetency to testify in order to render the child unavailable as a witness. (*State v. Ryan* (1984), 103 Wash. 2d 165, 691 P.2d 197.) But the same court has also held that a trial court's own independent determination that a child is incapable of testifying is sufficient to constitute unavailability. (*State v. Jones* (1989), 112 Wash. 2d 488, 772 P.2d 496.) This reading of Washington's statute bolsters our conclusion that the Illinois statutory hearsay exception for the child victims of sexual abuse should include as "unavailable" those children who cannot or will not testify in court about their experiences.

With this reading of the statutory provision, one other question of interpretation remains, namely, how does the alleged victim's competence to testify, as opposed to his or her hesitance or unwillingness, fit within the analytical framework?

Illinois courts have held that the test of a child's competence to testify is based upon whether the child has sufficient intelligence and understanding of the matters to which he is called to testify and understands the obligation to retell such matters truthfully. (*People v. Tappin* (1963), 28 Ill. 2d 95, 97-98.) Until only very recently, courts in Illinois have indulged a presumption that a child 14 years or older is competent to testify, while the competence of a child younger than 14 must be demonstrated to the trial court. (*People v. Karpovich* (1919), 288 Ill. 268, 270-71.) The Illinois legislature has recently enacted a new provision regarding witness competency which states that every witness, regardless of age, is presumed competent to testify. A party may move to disqualify a witness if it can be demonstrated that the witness is either incapable of expressing himself or does not appreciate the

duty to testify truthfully. Ill. Rev. Stat., 1988 Supp., ch. 38, par. 115—14.

If a child sexual abuse victim is deemed "incompetent" as a witness, a seeming paradox results from the attempt to introduce into evidence that child's out-of-court statements. It may appear incongruous to allow into evidence the statements of someone declared incompetent to testify to the same events at trial just a few months later. (See *State v. D.R.* (1988), 109 N.J. 348, 367-68, 537 A.2d 667, 677.) The resolution to this paradox comes through an understanding that a child's earlier statement can sometimes be viewed as more reliable than the testimony given in the structured and intimidating courtroom atmosphere. "The reliability, and therefore admissibility, of a spontaneous declaration comes not from the reliability of the declarant, but from the circumstances under which the statement is made." *People v. Cherry* (1980), 88 Ill. App. 3d 1048, 1052 (child's out-of-court declarations held admissible despite incompetence to testify at trial); see also 29 Am. Jur. 2d *Evidence* §728 (1967).

Incompetence to testify due to the inability to communicate or because of the child's tender years does not, then, necessarily render unreliable the child's out-of-court statements. "The fact that a child is incompetent to testify at trial *** does not necessarily mean that the child is unable to state the truth." (*Perez v. State* (Fla. 1988), 536 So. 2d 206, 211.) The determination of such issues must be made on a case-by-case basis. Section 115—10 of the Code of Criminal Procedure provides for this by requiring the trial court to make a specific finding of the statement's reliability under the circumstances. (Ill. Rev. Stat. 1987, ch. 38, par. 115—10(b)(1).) Further, the child must either testify at the proceeding or be unavailable as a witness, with the provision that there is corroborative evidence of the alleged act.

The legislature, then, has provided section 115—10 as a mechanism for allowing into evidence the out-of-court statements of children who are the victims of sexual abuse. This court holds that the legislature's intent was to include within the meaning of "unavailable" witnesses those children who are unable to testify because of fear, inability to communicate in the courtroom setting, or incompetence. Therefore, the trial court's interpretation of the statute was erroneous. There remains, however, the question of whether this statute, as interpreted by the court today, comports with the constitutional guarantees of the sixth amendment.

THE CONFRONTATION CLAUSE

The sixth amendment to the United States Constitution provides

that in "all criminal prosecutions, the accused shall enjoy the right *** to be confronted with the witnesses against him." (U.S. Const., amend. VI) This constitutional guarantee is called into question if the Illinois statutory hearsay exception allows into evidence the out-of-court statements of a child who is sexually abused without the child being present at trial. Clearly, in such an instance the accused would be unable to confront and cross-examine a key "witness" against him.

As interpreted by the Supreme Court, however, the confrontation clause does not strictly prohibit the introduction of all out-of-court statements when the declarant is unavailable to testify; rather, the trial court must make a special inquiry into the particular indications of the statements' reliability if the declarant is not subject to cross-examination. (*Ohio v. Roberts* (1980), 448 U.S. 56, 66, 65 L. Ed. 2d 597, 608, 100 S. Ct. 2531, 2539.) To require cross-examination of all statements introduced at trial would eliminate every exception to the rule against hearsay, a notion the Supreme Court has firmly rejected (*Roberts*, 448 U.S. at 63, 65 L. Ed. 2d at 606, 100 S. Ct. at 2537).

A witness is not "unavailable" for the purpose of the sixth amendment's confrontation clause unless the prosecutor has made a good-faith effort to obtain the witness' presence at trial. The lengths to which the prosecution must go to make available such witnesses is a question of reasonableness. (*Roberts*, 448 U.S. at 74, 65 L. Ed. 2d at 613, 100 S. Ct. at 2543.) It does not appear to this court that the failure to produce a child witness is unreasonable where it is demonstrated to the trial court that the child is unwilling or unable to testify. This would include the situation where the child is declared incompetent because he or she is "[i]ncapable of expressing himself or herself concerning the matter so as to be understood." Ill. Rev. Stat., 1988 Supp., ch. 38, par. 115—14(b)(1).

In the case currently before the court, however, the trial court did not make an independent assessment of the child's ability or willingness to testify. While it is true that counsel for both the State and the defendant stipulated to the child's incompetence, this cursory treatment of the issue is insufficient. "Stipulated incompetency based upon an erroneous understanding of statutory incompetency is too uncertain a basis to find unavailability. To excuse production of a witness whose testimony is offered against a criminal defendant through hearsay repetition, a more certain showing is required." *State v. Ryan* (1984), 103 Wash. 2d 165, 172, 691 P.2d 197, 203 (regarding Washington's statutory hearsay exception for child victims of sexual abuse).

On remand, however, if it is demonstrated to the trial court that

the child is unwilling or unable to testify, this would support a finding that the witness is "unavailable" for sixth amendment purposes. See *State v. Jones* (1989), 112 Wash. 2d 488, 498, 772 P.2d 496, 501-02.

Next, *Ohio v. Roberts* requires the trial court to determine that the out-of-court declarations demonstrate adequate indicia of reliability before they can be offered into evidence. (*Roberts*, 448 U.S. at 66, 65 L. Ed. 2d at 608, 100 S. Ct. at 2539.) Although reliability can be inferred without more where the statement "falls within a firmly rooted hearsay exception" (*Roberts*, 448 U.S. at 66, 65 L. Ed. 2d at 608, 100 S. Ct. at 2539), the Illinois statutory hearsay exemption is new and clearly not firmly rooted. As a result, the evidence in each case must show a particularized guarantee of trustworthiness. *Roberts*, 448 U.S. at 66, 65 L. Ed. 2d at 608, 100 S. Ct. at 2539.

The Illinois statutory hearsay exemption clearly provides that such a finding must be made. The trial court must find "in a hearing conducted outside the presence of the jury that the time, content, and circumstances of the statement provide sufficient safeguards of reliability." (Ill. Rev. Stat. 1987, ch. 38, par. 115—10(b)(1).) Moreover, the statute requires the trial court to determine that there is "corroborative evidence of the act which is the subject of the statement" before the prosecution will be allowed to offer it. Ill. Rev. Stat. 1987, ch. 38, par. 115—10(b)(2)(B).

■ It is clear to this court that the Illinois statutory hearsay exemption clearly comports with the confrontation guarantees outlined in *Ohio v. Roberts*. Our view that the statute is constitutional is bolstered by a more recent Supreme Court decision which questions whether the *Ohio v. Roberts* analysis is even applicable outside of the factual setting of that case. In *United States v. Inadi*, the Supreme Court noted that "*Roberts* must be read consistently with the question it answered, the authority it cited, and its own facts. *** Roberts* cannot fairly be read to stand for the radical proposition that no out-of-court statement can be introduced by the government without a showing that the declarant is unavailable." (*United States v. Inadi* (1986), 475 U.S. 387, 394, 89 L. Ed. 2d 390, 398, 106 S. Ct. 1121, 1125.) *Ohio v. Roberts* itself suggested that a showing of strict unavailability is not always constitutionally required if the utility of trial confrontation is remote. *Roberts*, 448 U.S. at 65 n.7, 65 L. Ed. 2d at 607 n.7, 100 S. Ct. at 2538 n.7, citing *Dutton v. Evans* (1970), 400 U.S. 74, 27 L. Ed. 2d 213, 91 S. Ct. 210.

At issue in *United States v. Inadi* was the prosecution's attempt to offer into evidence the out-of-court statement of a coconspirator made while the conspiracy was in progress. Although the declarant

was not shown to be "unavailable," he did not testify at trial. The Supreme Court held that a showing of unavailability was not required in order to properly admit into evidence the out-of-court statement of the nontestifying coconspirator. (*Inadi*, 475 U.S. at 400, 89 L. Ed. 2d at 401, 106 S. Ct. at 1129.) The court reasoned that usually "former testimony *** is only a weaker substitute for live testimony." (*Inadi*, 475 U.S. at 394, 89 L. Ed. 2d at 398, 106 S. Ct. at 1126.) In *United States v. Inadi*, however, the court felt that the in-court testimony of the coconspirator would actually be less probative than the prior out-of-court statement made while the conspiracy was in progress. The court concluded that such testimony would "provide evidence of the conspiracy's context that cannot be replicated, even if the declarant testifies to the same matters in court." *Inadi*, 475 U.S. at 395, 89 L. Ed. 2d at 398, 106 S. Ct. at 1126.

The same rationale would hold true in the unique case of the child victim of sexual abuse. The child's first accounts of an incident of sexual abuse are sometimes more reliable than later testimony given in the often intimidating courtroom setting. Referring to *United States v. Inadi*, both the Arizona and Florida supreme courts have held that the child's earlier testimony is the kind of irreplaceable substantive evidence that might be more probative than in-court testimony, thus excusing unavailability. *State v. Robinson* (1987), 153 Ariz. 191, 204, 735 P.2d 801, 814 (child's statements regarding sexual abuse are "valuable and trustworthy in part because they exude the naivete and curiosity of a small child, and were made in circumstances very different from interrogation or a criminal trial"); *Perez v. State* (Fla. 1988), 536 So. 2d 206, 209 n.5.

Finally, today's interpretation of the Illinois statutory hearsay exception and the analysis of its constitutional implications are consistent with the Illinois Supreme Court's recent decision in *People v. Bastien* (1989), 129 Ill. 2d 64. At issue in that case was an Illinois statute allowing the videotaping of a child sexual abuse victim's statement for later use at trial. The child's statement would be taped in the defendant's presence, but no cross-examination would be allowed until the time of trial. (Ill. Rev. Stat. 1987, ch. 38, par. 106A—2.) Though the child victim in *People v. Bastien* was present at trial for purposes of cross-examination, the supreme court found the videotaping statute unconstitutional. During the delay between the taping of the child's original statement and the actual trial, the court reasoned, the child's version of events could be influenced by parents or prosecutors. This lack of cross-examination, because not contemporaneous with the original hearsay statement, was thus a deprivation of the defendant's

right to confront and cross-examine his accuser effectively. *Bastien*, 129 Ill. 2d at 77.

We do not believe that the Illinois Supreme Court intended to suggest that every out-of-court statement offered into evidence must be subject to contemporaneous cross-examination. Such an interpretation would "abrogate virtually every hearsay exception, a result long rejected as unintended and too extreme." (*Ohio v. Roberts* (1980), 448 U.S. 56, 63, 65 L. Ed. 2d 597, 606, 100 S. Ct. 2531, 2537.) It would hardly be reasonable, for instance, to expect that the last gasping words of a dying declarant be subjected to contemporaneous cross-examination before such a hearsay statement could be offered into evidence at trial.

The Illinois Supreme Court's decision in *People v. Bastien* was more concerned with the presentation of the better evidence. Citing *United States v. Inadi*, the court found that "the same rationale applies to the case at bar. Under the terms of the statute, the child witness *must* be available to testify and to submit to cross-examination at trial; thus, 'there is little justification for relying on the weaker version'—the videotaped statement." (Emphasis in original.) (*Bastien*, 129 Ill. 2d at 78.) A different situation is presented by the out-of-court statements of the "unavailable" child witness. As we noted above, the in-court testimony of a child victim may be of less probative value than the earlier statements.

■ Furthermore, the facts of *People v. Bastien* suggest no reason why the State could not have easily provided contemporaneous cross-examination of the child at the initial videotaping session. In the instant case, however, the out-of-court statements were not taken for the purpose of offering them at trial. The victim's first statement was made spontaneously to her mother; the second was obtained in the course of the DCFS investigation shortly thereafter. It is unreasonable to expect that these statements could have been subjected to cross-examination by the defendant when his identity as the accused perpetrator was only derived at the very time the statements were made.

Therefore, it is apparent to this court that the Illinois statutory hearsay exception embodied in section 115—10 does not unconstitutionally violate the defendant's right to confront the witnesses against him.

## CONCLUSION

■ The trial court erred by concluding that section 115—10 does not include within the meaning of an "unavailable" witness a child

victim who is either unable or unwilling to testify in court. On remand, the trial court should, in a proceeding outside the presence of the jury, make its own determination of whether the child is unable or unwilling to testify and whether there is corroborative evidence of the alleged act. The trial court must also determine whether each statement offered by the prosecution, examined individually, possesses "particularized guarantees of trustworthiness." *Roberts*, 448 U.S. at 66, 65 L. Ed. 2d at 608, 100 S. Ct. at 2539.

The trial court's order granting the motion of the defendant to exclude the out-of-court statements of the child victim is reversed. The cause is remanded for further proceedings in conformity with this opinion.

Reversed and remanded.

UNVERZAGT, P.J., and REINHARD, J., concur.