THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. BARTHOLD ZWART, Defendant-Appellant.

First District (4th Division) No. 1—89—2652

Opinion filed December 27, 1990.

Theodore A. Gottfried, of State Appellate Defender's Office, of Chicago, for appellant.

Cecil A. Partee, State's Attorney, of Chicago (Renee Goldfarb, James Fitzgerald, and William P. Pistorius, Assistant State's Attorneys, of counsel), for the People.

JUSTICE JOHNSON delivered the opinion of the court:

Defendant, Barthold Zwart, was charged by information with four counts of aggravated criminal sexual assault. (Ill. Rev. Stat. 1987, ch. 38, par. 12—14.) After a bench trial, he was found guilty of two counts of aggravated criminal sexual assault and sentenced to two concurrent terms of seven years in the Illinois Department of Corrections.

On appeal, defendant contends that the trial court erroneously admitted hearsay testimony pursuant to the common law "spontaneous declaration" exception. Specifically, defendant objects to the admission of statements made by the victim to her mother, Maria, on July 1 and 14, 1988. Defendant also alleges that these admissions violated his right to confront witnesses against him guaranteed by the sixth amendment to the United States Constitution and section 8 of the Illinois Constitution. We hold that the testimony was erroneously admitted pursuant to the "spontaneous utterance" exception. However, we do not reach the question of whether the trial court violated defendant's constitutional right to confront the witness.

We reverse and remand.

BACKGROUND

The pertinent facts are as follows.

Defendant is a 60-year-old man who resided in Chicago Heights,

Illinois. Defendant met Maria in 1987. He testified that he and Maria first had sexual intercourse in the summer of 1987. Since that time, the couple has engaged in sexual intercourse on a regular basis. Maria is the mother of three children—two girls, ages 4 and 3, and a boy, age 10.

In March or April of 1988, defendant began "baby-sitting" for Maria's children. Defendant baby-sat Maria's children approximately eight times during the month of June 1988. On six of these occasions, defendant was alone with the two girls.

On the evening of June 24, 1988, defendant made sexual advances toward Maria. Subsequently, the couple argued and defendant left in an angry mood. After defendant left Maria's home, her older daughter, while lying on the floor, opened her legs and asked Maria to kiss her genitals. Maria was surprised by her daughter's behavior. The next morning, June 25, defendant returned to Maria's house and baby-sat for the children. Maria testified that when she returned from work she noticed that her younger daughter was pulling at her diaper and complaining of pain. Maria took both of her daughters to Suburban Heights Medical Center to be examined. When Maria told defendant she was leaving to take her younger daughter to the hospital, defendant said, "Oh my gosh you don't think I hurt her, do you?" After Maria returned home, defendant appeared pale and anxious. Defendant asked Maria what the doctor had said about her younger daughter. Maria told defendant that the physician "suspected child molestation." Defendant then told Maria, "I would never hurt your kids." On June 27, the police and an agent of the Department of Children and Family Services (DCFS) visited Maria's home to investigate the report of alleged child abuse.

On June 28, 1988, Maria took both of her daughters to Mount Sinai Hospital. Maria stayed in the hospital with them for five days. On June 30, Dr. Marisa Aguila examined Maria's older daughter. Dr. Aguila diagnosed the child with hymenal trauma. Dr. Aguila testified that her medical diagnosis was consistent with sexual abuse. However, during the examination, the child did not accuse anyone of having sexually abused her. In addition, during a subsequent child development interview, she denied that she had been physically or sexually abused.

Prior to the trial, the judge conducted a hearing pursuant to section 115—14 of the Illinois Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1989, ch. 38, par. 115—14). The statute mandates that a witness be capable of expressing himself or herself in an understandable manner, or capable of understanding the duty of a witness to tell

the truth. The judge found the complainant incompetent to testify.

At trial, the People were allowed to introduce the complainant's statements into evidence through testimony by Maria. Four of the statements challenged by defendant were made by Maria's older daughter on the evening of July 1, 1988, at 8 p.m.; at that time Maria was preparing her for bed. When Maria pulled her daughter's underpants, the child said, "Don't do that." When Maria asked why, she answered, "Because Bart does that." Maria then asked her daughter, "What else [does] Bart [do?]" The child replied, "He put his lollipop in my cola." Maria explained to the court that "lollipop" and "cola" are Spanish colloquialisms for the terms penis and vagina, respectively. Another statement in issue was made approximately one hour later when Maria was told by her older daughter that "Bart" put his tongue in her privates and hurt her, and that Bart "put the lollipop in her mouth."

In addition, defendant contends that several statements made on July 14, 1988, were erroneously admitted by the trial court. On that date, Maria took her older daughter to see Cheryl Wolf, a therapist. Prior to the visit with Ms. Wolf, Maria took her daughter to the bathroom. While in the bathroom, the child told her that Bart once "put her head in a toilet and flushed it." The child also alleged that defendant told her not to tell her mother about the incident. She also informed Maria that when defendant put his lollipop in her cola, he said, "I'm coming, I'm coming." Finally, she told her mother that defendant made her "all wet" and "go potty."

Defendant admitted that he baby-sat for the two girls on June 25. However, he testified that both girls "were fine." Defendant maintains that he never assaulted any of Maria's children, and that he did not stick her older daughter's head in a toilet bowl.

Opinion

The record shows that the trial court admitted the older child's statements made on July 1, 1988, and her declarations made on July 14, 1988, referring to intercourse with defendant, pursuant to the "spontaneous utterance" exception. The trial judge stated that he "decided only to allow those statements which [he] believe[d] were spontaneous in nature" and "firmly rooted in the hearsay exception to the rule." The People maintain that the statements were admissible pursuant to section 115—10 of the Code of Criminal Procedure (hereinafter the Code). (Ill. Rev. Stat. 1987, ch. 38, par. 115—10.) Defendant contends that the child's statements are inadmissible pursuant to the Code because she was not an "unavailable"

witness within the meaning of the statute.

Section 115—10 provides as follows:

"(a) In a prosecution for a sexual act perpetrated upon a child under the age of 13, including but not limited to prosecutions for violations of Sections 12—13 through 12—16 of the Criminal Code of 1961, the following evidence shall be admitted as an exception to the hearsay rule:

(1) testimony by such child of an out of court statement made by such child that he or she complained of such act to another; and

(2) testimony of an out of court statement made by such child describing any complaint of such act or matter or detail pertaining to any act which is an element of an offense which is the subject of a prosecution for a sexual act perpetrated upon a child.

(b) Such testimony shall only be admitted if:

(1) The court finds in a hearing conducted outside the presence of the jury that the *time, content*, and *circumstances* of the statement provide *sufficient safeguards of reliability*; and

(2) The child either:

(A) Testifies at the proceeding; or

(B) Is unavailable as a witness and there is corroborative evidence of the act which is the subject of the statement.

(c) If a statement is admitted pursuant to this Section, the court shall instruct the jury that it is for the jury to determine the weight and credibility to be given the statement and that, in making the determination, it shall consider the age and maturity of the child, the nature of the statement, the circumstances under which the statement was made, and any other relevant factor.

(d) The proponent of the statement shall give the adverse party reasonable notice of his intention to offer the statement and the particulars of the statement." (Emphasis added.) Ill. Rev. Stat. 1987, ch. 38, par. 115—10.

■ We find that complainant is an unavailable witness within the meaning of the statute. This court has already held that "the legislature's intent was to include within the meaning of 'unavailable' witnesses those children who are unable to testify because of fear, inability to communicate in the courtroom setting, or *incompetence*." (Emphasis added.) (*People v. Rocha* (1989), 191 Ill. App. 3d 529, 539.) The witness in the case at bar was "unavailable" because she was adjudicated incompetent to testify.

However, we hold that the statements made by the child on July 1, 1988, and July 14, 1988, are inadmissible pursuant to section 115—10 of the Code. We also find that the trial court erred when it admitted the child's statement about defendant's attempt to flush her head down the toilet bowl. The trial court admitted this testimony pursuant to section 115—10 of the Code.

■ We find that the statements are inadmissible because the facts in the case at bar indicate that there were insufficient safeguards of reliability with respect to the *timing* of the allegations and with respect to *circumstances* under which the allegations were made. There were insufficient safeguards of reliability with respect to the timing of the declarations because during the physical examination and the subsequent interview the victim failed to identify anyone as having sexually abused her. Furthermore, there was a time lapse between when the acts occurred and the first time that she allegedly told her mother of the acts. There were insufficient safeguards of reliability with respect to the circumstances surrounding the allegations because Maria had had a sexual relationship with defendant, and the allegations were made after the couple quarreled.

The trial judge conducted a hearing to determine the time, content, and circumstances of the statement pursuant to the Code. However, we find that the time and circumstances of the statement provide insufficient safeguards of reliability because of the time lapse between when the acts occurred and the first time the victim told her mother about the acts. The child failed to allege sexual abuse during the physical examination on June 30 or during the interview which followed. Therefore, the statements are inadmissible pursuant to section 115—10 of the Code.

Defendant next contends that the trial court violated his constitutional right to confront a witness against him at trial by admitting the child's declarations. It is not necessary for us to address this issue as we have reversed defendant's conviction on the aforementioned grounds.

For the foregoing reasons, we reverse defendant's conviction and remand this cause for a new trial.

Reversed and remanded.

McMORROW, P.J., and JIGANTI, J., concur.