THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. DONALD WARD, Defendant-Appellee.

Third District   No. 3—90—0291

Opinion filed January 4, 1991.

Greg McClintock, State's Attorney, of Monmouth (Rita Kennedy Mertel, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Warren T. McNeill, of Monmouth, for appellee.

JUSTICE GORMAN delivered the opinion of the court:

The defendant, Donald Ward, was charged by information with two counts of aggravated criminal sexual assault (Ill. Rev. Stat. 1989, ch. 38, par. 12—14(b)(1)). Prior to trial, he filed five motions *in limine*. His fifth motion *in limine* alleged that the victims' hearsay statements were inadmissible and did not fit within the statutory hearsay exception pertaining to victims of sexual assault under age 13 (Ill. Rev. Stat. 1989, ch. 38, par. 115—10). Following a hearing, the trial court ruled that the statements contained sufficient safeguards of reliability, but were nevertheless inadmissible because the State had failed to present corroborative evidence of the acts which were the subjects of the statements, as is required by section 115—10(b)(2)(B) of the Code of Criminal Procedure of 1963 (the Code) (Ill. Rev. Stat. 1989, ch. 38, par. 115—10(b)(2)(B)). The State appeals that decision.

The record reveals that the defendant's fourth motion *in limine* alleged that the victims, four-year-old Crystal Ward and five-year-old

Tiffany Ward, were incompetent to testify (Ill. Rev. Stat. 1989, ch. 38, par. 115—14(c)). After a hearing on that motion, the court ruled that Crystal and Tiffany were incompetent to testify. Thereafter, the defendant filed his fifth motion *in limine*, alleging that the State should not be permitted to introduce into evidence any hearsay statements made by Tiffany and Crystal. The defendant contended that the statements were without sufficient safeguards of reliability and there was no corroborative evidence of any acts which were the subjects of those statements.

At the hearing on the defendant's fifth motion *in limine*, Joyce Sharp, the children's foster mother, testified about an incident that occurred while she was baby-sitting her four-year-old nephew, Justin. After allowing Justin and Crystal to go into a separate room to play Nintendo, Sharp decided to check on them. Upon doing so, she observed the two of them on the bed together. Justin had his hands in Crystal's pants. The children told Sharp that they were playing a game and that it was Crystal's idea. Sharp then told them that what they were doing was wrong and asked them if they had played the game before. Crystal responded that she had played it before with her dad.

Sharp further testified that a similar incident occurred one week later, despite her attempts to keep Justin and Crystal apart. She explained that after giving Crystal permission to go into the bedroom to play, she momentarily forgot about Justin. Later, she discovered Justin and Crystal on the bed engaged in a sexual act. Once again, Sharp told the children that what they were doing was wrong. Crystal responded that since she loved Justin it was not wrong. She also told Sharp that she had done it several times with her dad. Later, Sharp informed the Department of Children and Family Services of the incident.

Aileen Weiss, a DCFS investigator, testified that she interviewed Crystal and Tiffany at the Monmouth police department. DCFS investigator Clifford Adams and police officer Terry Owens were present. The interview consisted of an explanation about anatomically correct dolls, an explanation about good and bad touches, and some questions. At one point during the interview, Crystal told Weiss that her father had put his penis in her navel. Crystal also said that her father had put pink cream on her vaginal area and had made oral contact with that area. Tiffany took the anatomically correct dolls and laid the adult male on top of the juvenile female and indicated that that was what her father had done to her.

On cross-examination, Weiss stated that she only interviewed

Crystal once, but that she had a second interview with Tiffany. During the second interview, Tiffany stated that her father had hurt her groin area and had rubbed his penis on her vaginal area. She also stated that her father kissed her vaginal area.

Monmouth police officer Terry Owens also testified concerning his involvement in the interview. He stated that the two children had told Weiss that their father had touched their vaginal areas.

The State made an offer of proof regarding the corroborative evidence it believed it would be able to produce at trial. It stated that Jeremy Weir, the defendant's stepson, would testify that he was an eyewitness to the acts alleged to have been committed by the defendant on the two children.

The defendant objected to the offer of proof, arguing that to comply with the corroboration requirement of the statute the State was required to call Weir to testify at the present hearing rather than merely make an offer of proof as to what he might say. The defendant also argued that the children's statements lacked sufficient safeguards of reliability in view of a doctor's examination of the children which revealed no evidence of sexual abuse.

In response, the State agreed that the reliability of the out-of-court statements had to be determined at a pretrial hearing outside the presence of a jury. The State denied, however, that it had to present corroborative evidence at the pretrial hearing. Rather, it argued that it only had to show that such evidence existed. The State then filed an affidavit attesting that it would be able to produce corroborative evidence at trial.

After hearing the evidence and the arguments of counsel, the trial court found that the hearsay statements contained sufficient safeguards of reliability. The court noted, however, that Crystal and Tiffany were unavailable as witnesses for purposes of the statute because of its earlier ruling that they were incompetent to testify. It further noted that because of the witnesses' unavailability, the State was required to present corroborative evidence of the acts. The court then allowed the defendant's motion, finding that the State refused to produce the necessary corroborative evidence.

On appeal, the State first contends that the trial court erroneously ruled that the State had to present corroborative evidence at the pretrial proceeding. It claims that if the legislature had intended for such evidence to be presented during the pretrial hearing, it would not have divided section 115—10(b) into two subsections. In the alternative, the State argues that it presented the necessary corroborative evidence.

In response, the defendant initially claims that the trial court's order suppressing the victims' hearsay statements was merely an evidentiary ruling and therefore not appealable.

■■ ■ We disagree. Supreme Court Rule 604(a)(1) (107 Ill. 2d R. 604(a)(1)) provides that the State may appeal from an order that has the substantive effect of suppressing evidence. In construing that rule, the Illinois Supreme Court held in *People v. Young* (1980), 82 Ill. 2d 234, 412 N.E.2d 501, that the State may bring an interlocutory appeal from a suppression order whenever the prosecutor certifies to the trial court that the suppression substantially impairs the State's ability to prosecute the case. The *Young* court noted that the need to ensure the accurate interpretation of statutory provisions outweighs the difficulties posed by allowing such appeals. Here, the State filed the requisite certificate of impairment. Moreover, the issue presented by the State is apparently one of first impression, involving a question of statutory interpretation. Accordingly, we will consider the appeal.

Returning to the State's first issue, we note that section 115—10 contains a hearsay exception for the admission of out-of-court state-ments made by sexual assault victims under 13 years of age. The statute qualifies that exception by providing that the hearsay testimony will only be admitted if:

"(1) The court finds in a hearing conducted outside the presence of the jury that the time, content, and circumstances of the statement provide sufficient safeguards of reliability; and

(2) The child either:

(A) Testifies at the proceeding; or

(B) Is unavailable as a witness and there is corroborative evidence of the act which is the subject of the statement." Ill. Rev. Stat. 1989, ch. 38, par. 115—10(b).

■■ In the present case, we note that the trial court found that the victims were incompetent to testify. We find that where the declarants are unavailable, the above-quoted language requires the State to present actual corroborative evidence at the pretrial hearing, outside the presence of the jury. (See *People v. Rocha* (1989), 191 Ill. App. 3d 529, 547 N.E.2d 1335.) Most often the corroboration requirement can be satisfied with circumstantial evidence, such as a medical report indicating signs of sexual abuse. However, in cases where other forms of evidence are not available, such as the instant one, the State may have to present actual eyewitness testimony. In such a case, the statute contemplates that the State actually call the witness to testify at the pretrial hearing and not simply rely on the prosecutor's representations about what the witness would testify to if called.

■ We also reject the State's contention that the testimony of Crystal's foster mother satisfied the corroboration requirement. Whether the corroboration requirement was satisfied was a question for the trial court in its role as the weigher of the evidence and the judge of the credibility of the witnesses. See *People v. Brown* (1986), 150 Ill. App. 3d 535, 501 N.E.2d 1347.

Moreover, in *People v. Ridgeway* (1990), 194 Ill. App. 3d 881, 551 N.E.2d 790, relied upon by the State, the court noted that it was unaware of any authority specifically holding that a young child's sexual actions could be used as evidence of the child's having been sexually molested. The court further noted, however, that expert testimony about a victim's suffering from rape trauma syndrome had been found admissible. The *Ridgeway* court then concluded that the testimony of the young victim's sexual actions, in conjunction with expert testimony, could provide corroborative evidence sufficient to sustain a conviction.

Here, the State did not present any expert testimony regarding Crystal's sexual misbehavior. Under the circumstances, we find that the trial court could have properly found that the State failed to present sufficient corroborative evidence of the acts which were the subjects of the statements.

As a final matter, we note that we purposely make no ruling on the State's assertion that the trial court should be required to reconsider its decision on the defendant's fifth motion *in limine* at the time of trial. The availability of a witness is an ongoing question for the trial court at the time the evidence is presented to it. (See *People v. Ford* (1985), 139 Ill. App. 3d 894, 488 N.E.2d 573.) In the event the court determines that the children have become competent to testify and are therefore available, their hearsay statements may be introduced into evidence at trial.

For the foregoing reasons, the judgment of the circuit court of Warren County is affirmed.

Affirmed.

STOUDER, P.J., and McCUSKEY, J., concur.