THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
DANIEL ROBERTSON, Defendant-Appellant.

First District (2nd Division)   No. 86—2227

Opinion filed March 16, 1988.—Rehearing denied April 29, 1988.

Frank Celani, of Lansing, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Thomas V. Gainer, Jr., James E. Fitzgerald, and Winona Jones, Assistant State's Attorneys, of counsel), for the People.

JUSTICE STAMOS delivered the opinion of the court:

Following a bench trial in the circuit court of Cook County, defendant Daniel Robertson was convicted of criminal sexual assault and aggravated criminal sexual abuse (Ill. Rev. Stat. 1985, ch. 38, pars. 12—13, 12—16). The trial court sentenced defendant to a term of 10 years for criminal sexual assault and a concurrent five-year term for aggravated criminal sexual abuse. On appeal, defendant contends that (1) the trial court committed plain error in admitting testimony regarding the victim's pretrial statements; (2) the uncorroborated testimony of the victim was not clear and convincing; (3) defendant was denied effective assistance of counsel; (4) the limitation on probation contained in section 5—5—3 of the Unified Code of Corrections (Ill. Rev. Stat. 1985, ch. 38, pars. 1005—5—3(c)(2)(H), (e)) is unconstitutional; and (5) the sentence imposed was excessive.

The evidence presented at trial established that on November 23, 1984, John Ruberti, a United States Postal Inspector, was investigating the use of the mail to distribute child pornography, when he intercepted an application for an advertisement made by defendant which stated that he had 40 preteen magazines to sell for $500. One month later, United States Postal Inspector Ralph Truitt (Agent Truitt) acted as an undercover agent and responded to the advertisement by

sending a check in the amount of $500 to defendant. Shortly thereafter, Agent Truitt received three parcels containing child pornography magazines and advertising brochures. Federal agents executed a search warrant for defendant's residence and advised defendant of his constitutional rights. In subsequent questioning defendant acknowledged that during August and September of 1984 he had been with the victim N.S. in the basement of her parent's home. Defendant stated that in the process of wrestling and playing with her, he had fondled her vagina. After speaking with defendant, the agents searched his home and found two European child pornography magazines which defendant had received that day.

The next day defendant spoke with the victim's father, who was one of his co-workers, and arranged a meeting with him and his wife. That night defendant informed the victim's parents that he had fondled their daughter's vagina while playing with her in their home. Defendant stated his behavior was due to psychiatric problems for which he was receiving treatment.

The victim's parents contacted the police and two youth officers came to the victim's home to investigate the incident. The officers brought male and female anatomically correct dolls which the victim's mother testified were used by the victim to demonstrate what had been done to her. She stated that the victim pulled up the dress on the female doll and put her finger in its "private."

The victim was eight years old at the time of trial and was found competent to testify. She testified that on one occasion when defendant stayed at her house overnight, he came up to her bedroom, carried her downstairs to the living-room couch and put his finger in her "private." She demonstrated this occurrence on the anatomically correct doll during her trial testimony.

Defendant testified in his own behalf that he remembered staying overnight at the victim's residence. He stated that the victim woke up early one morning and came downstairs, but that he told her to go back to her room. He then told the victim she could come back downstairs, and he allowed her to get into bed with him. According to defendant, he started playing with her and tickling her, and in the process he touched her vaginal area. Defendant denied placing his finger or any other object or part of his body into her vagina. However, he did admit fondling the victim on five or more occasions.

A physical examination of the victim was conducted by Dr. Dinesh Saraiya. It revealed that the victim's vaginal orifice was slightly enlarged although there were no bruises, abrasions, ulcerations or visible injuries.

## I

■ Defendant first contends that the trial court committed plain error in considering testimony regarding the victim's pretrial statements. Defendant claims that the victim's statements and demonstrations were offered to show how defendant committed the sexual offenses in question, and this evidence was therefore inadmissible unless it fell within one of the hearsay exceptions.

Section 115—10 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1985, ch. 38, par. 115—10) provides:

"In a prosecution for a sexual act perpetrated upon a child under the age of 13, including but not limited to prosecutions for violations of Sections 12—13 through 12—16 of the Criminal Code of 1961, the following evidence shall be admitted as an exception to the hearsay rule:

(1) testimony by such child that he or she complained of such act to another; and

(2) testimony by the person to whom the child complained that such complaint was made in order to corroborate the child's testimony."

Defendant contends that the testimony regarding the victim's pretrial statements do not fall within this hearsay exception because they were made in response to an inquiry, they could not be considered as the victim's complaints, the statements were not made immediately after the offense and the statements consisted of details beyond the actual complaint.

A victim's complaint that is made in response to questioning during an interview was found admissible in *People v. Branch* (1987), 158 Ill. App. 3d 338, 511 N.E.2d 872, and *People v. Server* (1986), 148 Ill. App. 3d 888, 499 N.E.2d 1019. Furthermore, although a corroborative complaint witness cannot testify to all details, the witness must necessarily include some detail to effectively corroborate the fact that the complaint was made and identify the incident as the one before the court. *Branch*, 158 Ill. App. 3d at 341; *People v. Powell* (1985), 138 Ill. App. 3d 150, 156, 485 N.E.2d 560.

Defendant's arguments are also without merit because any error that the trial court may have committed in admitting the victim's pretrial statements was harmless where the pretrial statements were substantially corroborated by medical evidence, the victim's trial testimony and her availability for cross-examination. *Branch*, 158 Ill. App. 3d at 341; *People v. Lindsey* (1986), 148 Ill. App. 3d 751, 499 N.E.2d 715; *People v. Leamons* (1984), 127 Ill. App. 3d 1056, 469 N.E.2d 1137.

Therefore, we conclude that the trial court did not commit plain error in considering testimony as to the victim's pretrial statements.

## II

■ Defendant next contends that his conviction for criminal sexual assault should be reversed where the uncorroborated testimony of the victim regarding penetration was not clear and convincing. Defendant claims that the victim's out-of-court statements do not constitute corroboration and her trial testimony was not clear and convincing. Defendant also claims that his counsel's failure to raise proper objections during the victim's testimony resulted in ineffective representation by counsel.

Testimony of a complainant must either be clear and convincing or substantially corroborated to support a conviction, although there is no requirement that it be crystal clear or perfect. (*Powell*, 138 Ill. App. 3d at 156.) The credibility of the complaining witness, as with other witnesses, is for the trier of fact to determine, and that evaluation is given great weight. *Powell*, 138 Ill. App. 3d at 156.

In the instant case, the victim specifically testified at trial that penetration occurred, and she demonstrated this occurrence on the anatomically correct doll. Her trial testimony was also corroborated by her mother's testimony regarding the victim's pretrial statements and demonstration regarding the occurrence of penetration. (*In re E.S.* (1986), 145 Ill. App. 3d 906, 495 N.E.2d 1334.) The trial court found the victim's testimony clear and convincing and corroborated by her mother's testimony regarding the victim's out-of-court statements, as well as the examining physician's finding of vaginal enlargement.

Therefore, we find that the evidence supports the trial court's finding and raises no reasonable doubt as to defendant's guilt.

## III

■ Defendant next contends that he was deprived of effective assistance of counsel because of defense counsel's failure to object to the admission of the victim's pretrial statements as well as her testimony at trial regarding the issue of penetration.

A defendant is entitled to competent but not perfect representation, and counsel's alleged errors in judgment regarding trial strategy do not establish incompetency. (*People v. Murphy* (1978), 72 Ill. 2d 421, 437, 381 N.E.2d 677.) In addition, the competency of counsel is determined from the totality of his conduct at trial, and a reviewing court will only reverse a conviction where defendant can demonstrate

that counsel's conduct resulted in substantial prejudice to defendant, without which the trial results would have been different. (*People v. Eddmonds* (1984), 101 Ill. 2d 44, 69, 461 N.E.2d 347.) In the instant case, defendant has failed to show that counsel's conduct was outside the range of professionally competent representation, that defendant was prejudiced by it, that the results of the trial would have been different or that defense counsel's acts or omissions warrant reversal.

## IV

■ Defendant also contends that section 5—5—3 of the Unified Code of Corrections (Ill. Rev. Stat. 1985, ch. 38, pars. 1005—5—3(c)(2)(H), (e)) is unconstitutional because it creates a classification which is unreasonable, underinclusive and deprives him of equal protection. Under subsection (c)(2)(H) of the statute in question, criminal sexual assault is a nonprobationable offense unless the offender meets the criteria of subsection (e) and "was a family member of the victim at the time of the commission of the offense." Section 12—12 of the Criminal Code of 1961 (Ill. Rev. Stat. 1985, ch. 38, par. 12—12(c)) defines family member as

"a parent, grandparent, or child, whether by whole blood, or half-blood or adoption and includes a step-grandparent, step-parent or step-child. 'Family Member' also means, where the victim is a child under 18 years of age, an accused who has resided in the household with such child continuously for at least one year."

A statute has a strong presumption of constitutionality, and the burden of showing its invalidity is on the party challenging the enactment. (*People v. La Pointe* (1981), 88 Ill. 2d 482, 499, 431 N.E.2d 344; *People v. McCabe* (1971), 49 Ill. 2d 338, 275 N.E.2d 407.) The equal protection clause provides the States, through their exercise of police power, with broad latitude and discretion in classifying. If any set of facts may be reasonably conceived which would justify the classification, it must be upheld. *McCabe*, 49 Ill. 2d at 340-41.

A rational basis for the statute in question could be the legislature's determination that probation should be offered as an alternative where the sexual offense has occurred within the family unit in an effort to keep the family intact and minimize the disruption to the other members.

Defendant's argument that he is similarly situated and that the statute is underinclusive is without merit because the statutory exceptions do include an accused nonfamily member who has resided in the household continuously for at least one year. Furthermore, whether

the legislative enactment is the best means to achieve the desired results, and whether discretion within its prescribed limits should be exercised in a particular manner, are matters for the legislature to decide. *McCabe*, 49 Ill. 2d at 341.

For these reasons, we conclude that section 5—5—3 of the Unified Code of Corrections (Ill. Rev. Stat. 1985, ch. 38, pars. 1005—5—3(c)(2)(H), (e)) is constitutional and does not encroach on defendant's right to equal protection.

## V

Lastly, defendant contends that the trial court abused its discretion in sentencing him to a term of 10 years for criminal sexual assault and five years for aggravated criminal sexual abuse. He claims that the trial court did not give proper consideration to the fact that he had no prior criminal record and that he was not motivated by any malice or desire to harm the victim. Defendant also claims that the trial judge failed to consider defendant's employment history, family support, as well as other factors indicating his rehabilitative potential, and that the court improperly regarded his breach of the victim's trust as an aggravating factor.

■■ A trial court's sentencing decision is entitled to great deference and weight and will not be altered on review absent abuse of discretion. (*People v. Perruquet* (1977), 68 Ill. 2d 149, 154, 368 N.E.2d 882; *People v. Cox* (1980), 82 Ill. 2d 268, 271-72, 412 N.E.2d 541.) In determining a sentence, the trial court considers the character of the accused, the nature and circumstances of the offense, as well as the credibility and demeanor of the defendant. A reasoned judgment as to the proper sentence to be imposed must be based upon the particular circumstances of each case. *Perruquet*, 68 Ill. 2d at 154; *People v. Requena* (1982), 105 Ill. App. 3d 831, 838, 435 N.E.2d 125.

■■ In the instant case, the court indicated that it considered the mitigating factors cited by defendant as well as the testimony of defendant's expert witness during the hearing on defendant's motion to reduce the sentence. However, the court also considered the fact that defendant had received and later sold numerous child pornography magazines, and that he was still receiving the pornography literature at the time of his arrest. The court also considered defendant's rehabilitative potential but noted that defendant had been under psychological treatment for several months before he committed the offense in question. In addition to the mitigating factors presented by defendant, the trial judge considered the potential psychological harm of defendant's conduct to a young child and the fact that he had taken

advantage of his friendship with the victim and her parents. Therefore, we find that the trial court weighed the required factors and exercised its discretion in sentencing defendant to concurrent terms of 10 and 5 years. Accordingly, the judgment of the circuit court of Cook County is affirmed. As part of our judgment, we grant the State's request that defendant be assessed $50 as costs for this appeal. *People v. Nicholls* (1978), 71 Ill. 2d 166, 374 N.E.2d 194.

Affirmed.

HARTMAN, P.J., and BILANDIC, J., concur.