THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. RICHARD H. RAUH, Defendant-Appellant.

Third District   No. 3—89—0366

Opinion filed May 10, 1990.

Thomas A. Tonozzi, of Spring Valley, for appellant.

Marc Bernabei, State's Attorney, of Princeton (Gary F. Gnidovec, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE BARRY delivered the opinion of the court:

The defendant, Richard H. Rauh, was charged with contributing to the delinquency of a child (Ill. Rev. Stat. 1987, ch. 23, par. 2361a) by causing the child to stay out past her curfew. Prior to trial, he moved to dismiss the charge on the grounds that the penalty for the offense was unconstitutionally disproportionate to the penalty for curfew violation. The trial court denied the motion. Following a bench

trial, the court found the defendant guilty and imposed a $100 fine.

On appeal, the defendant argues that the trial court erred in denying his motion to dismiss. In support of his argument, he notes that the maximum penalty for a curfew violation is a $100 fine (Ill. Rev. Stat. 1987, ch. 23, par. 2371), while contributing to the delinquency of a child may be punished by 364 days' imprisonment and a $1,000 fine (Ill. Rev. Stat. 1987, ch. 23, par. 2361a; ch. 38, pars. 1005—5—3(b), 1005—8—3(a)(1), 1005—9—1(a)(2)). He also argues that the instant offense is comparable to solicitation, which limits the penalty for that offense (Ill. Rev. Stat. 1987, ch. 38, par. 8—1(b)).

■ The State first argues that the defendant lacks standing to raise this issue, because he did not receive a sentence that exceeded the maximum penalty for a curfew violation. The supreme court has stated, however, that a defendant has standing to contest a disproportionate penalty if he was exposed to it, regardless of whether he actually received it. (*People v. Upton* (1986), 114 Ill. 2d 362, 500 N.E.2d 943.) Since the instant defendant could have received the maximum penalty for the offense, he has standing to raise the issue.

■ Regarding the disproportionality issue, we note that the legislature has wide discretion in establishing criminal penalties. (*Upton*, 114 Ill. 2d at 373, 500 N.E.2d at 948.) This power, however, is subject to the limitation that a person's liberty may not be deprived without due process of law. (*People v. Bradley* (1980), 79 Ill. 2d 410, 403 N.E.2d 1029.) A penalty does not violate due process so long as it is reasonably designed to remedy the evils the legislature has determined to be a threat to the public health, safety, and welfare. (*Upton*, 114 Ill. 2d at 373, 500 N.E.2d at 948.) Moreover, the party challenging a statute's constitutionality has the burden of proving the violation. *People v. Bales* (1985), 108 Ill. 2d 182, 483 N.E.2d 517.

■ Under Illinois law, children are commonly afforded special protection because their age renders them more likely to be victims of crime. (See generally Ill. Rev. Stat. 1987, ch. 38, pars. 11—6 through 11—22.) For the same reason, the legislature could have reasonably imposed a greater penalty for contributing to a child's delinquency than for the delinquent's offense. We find that the defendant has failed to meet his burden of proving that the difference in the penalties violated due process.

The judgment of the circuit court of Bureau County is affirmed.

Affirmed.

HEIPLE, P.J., and STOUDER, J., concur.