THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. KELLY ALEXANDER, Defendant-Appellant.

Fifth District    No. 5—03—0410

Opinion filed December 17, 2004.

Edward J. Kionka, of Belleville, for appellant.

Gary Duncan, State's Attorney, of Mt. Vernon (Norbert J. Goetten, Stephen E. Norris, and T. David Purcell, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE KUEHN delivered the opinion of the court:

Following a plea of guilty to criminal sexual assault, Kelly Alex-

ander filed a motion seeking a declaration from the trial court that the statute under which he was to be sentenced was unconstitutional because it failed to provide probation as a sentencing option. The trial court denied Alexander's motion and sentenced him to four years in the Illinois Department of Corrections. Thereafter, Alexander filed a motion to reconsider based on the same grounds and asked the trial court to reduce his sentence accordingly. The trial court denied that motion as well and Alexander now appeals. We affirm.

On March 22, 2001, the State charged Alexander with the Class 1 felony of criminal sexual assault pursuant to section 12—13 of the Criminal Code of 1961 (720 ILCS 5/12—13 (West 2000)) based on allegations from a 15-year-old girl that Alexander had engaged in sexual intercourse with her in early 2001. The young girl worked for Alexander as a server at a restaurant in Centralia, Illinois. After entering an open plea of guilty in December 2002, Alexander filed a motion to declare the statute under which he would be sentenced unconstitutional and to declare that he was eligible for probation.

In Illinois, a person commits the Class 1 felony of criminal sexual assault if he or she "commits an act of sexual penetration with a victim who was at least 13 years of age but under 18 years of age when the act was committed and the accused was 17 years of age or over and held a position of trust, authority[,] or supervision in relation to the victim." 720 ILCS 5/12—13(a)(4) (West 2000). At the relevant time, section 5—5—3(c)(2)(H) of the Unified Code of Corrections provided that a period of probation was not allowed for criminal sexual assault "except as otherwise provided in subsection (e) of this Section." 730 ILCS 5/5—5—3(c)(2)(H) (West 2000)[1] . Under subsection (e), probation could be considered only in the following cases:

> "In cases where prosecution for criminal sexual assault or aggravated criminal sexual abuse under Section 12—13 or 12—16 of the Criminal Code of 1961 results in conviction of a defendant *who was a family member of the victim at the time of the commission of the offense, the court shall consider the safety and welfare of the victim and may impose a sentence of probation \*\*\*.*" (Emphasis added.) 730 ILCS 5/5—5—3(e) (West 2000).

In other words, whether or not a defendant is eligible for probation depends on whether or not he is "a family member of the victim."

On appeal, Alexander contends this sentencing scheme violates the proportionate penalties clause of the Illinois Constitution (Ill.

---

[1]The exception for criminal sexual assault has since been eliminated. Pub. Act 93—419, § 5, eff. January 1, 2004 (amending 730 ILCS 5/5—5—3(e) (West 2002)).

Const. 1970, art. I, § 11), as well as the equal protection and due process clauses of the United States and Illinois Constitutions (U.S. Const., amends. V, XIV; Ill. Const. 1970, art. I, § 2). As the party challenging the statute, Alexander bears the burden of establishing the alleged constitutional violation. *People v. Johns*, 153 Ill. 2d 436, 442, 607 N.E.2d 148, 151 (1992). When considering the constitutionality of a statute, we are not obligated to give deference to the findings or conclusions made by the trial court. *Allen v. Woodfield Chevrolet, Inc.*, 208 Ill. 2d 12, 21, 802 N.E.2d 752, 758 (2003).

We begin our constitutional analysis with the presumption that the statute at issue is constitutional, and we will resolve all reasonable doubts in favor of upholding its validity. *People v. La Pointe*, 88 Ill. 2d 482, 499, 431 N.E.2d 344, 352 (1981). We also recognize that the legislature has the inherent authority to set the nature and extent of criminal penalties, and we may not interfere unless the challenged penalty is clearly in excess of the very broad and general constitutional limitations available. *People ex rel. Carey v. Bentivenga*, 83 Ill. 2d 537, 542, 416 N.E.2d 259, 262 (1981).

We address the proportionate penalties clause first. Under the Illinois Constitution, "[a]ll penalties shall be determined both according to the seriousness of the offense and with the objective of restoring the offender to useful citizenship." Ill. Const. 1970, art. I, § 11. The constitutional guarantee of proportionate penalties is violated where the penalty prescribed for an offense is greater than the penalty prescribed for a more serious offense. *People v. Grano*, 286 Ill. App. 3d 278, 295, 676 N.E.2d 248, 262 (1996). There are three separate tests to identify a proportionate penalties violation. *People v. Lombardi*, 184 Ill. 2d 462, 474, 705 N.E.2d 91, 98 (1998).

First, a penalty violates the proportionate penalties clause if it is cruel, degrading, or so wholly disproportionate to the offense committed that it shocks the moral sense of the community. *People v. Hill*, 199 Ill. 2d 440, 452, 771 N.E.2d 374, 381 (2002). Second, a penalty is invalid under the proportionate penalties clause where similar offenses are compared and conduct that creates a less serious threat to the public health and safety is punished more severely. *Hill*, 199 Ill. 2d at 452, 771 N.E.2d at 381. Third, there is a violation of the proportionate penalties clause when identical offenses are given different sentences. *Hill*, 199 Ill. 2d at 452, 771 N.E.2d at 381.

Alexander argues that sections 5—5—3(c)(2)(H) and (e) of the Unified Code of Corrections (730 ILCS 5/5—5—3(c)(2)(H), (e) (West 2000)) violate the second and third tests set forth above. As to the second test, Alexander points out that section 5—5—3 provides the possibility of probation for a person who has committed incest but

prohibits probation for a person who engaged in identical conduct with an unrelated person between the ages of 13 and 18 over whom he exercises authority. Alexander argues that incest presents a more serious threat to the public health and safety than the latter crime and, therefore, should be punished more severely.

As stated above, the United States and Illinois Constitutions provide very broad and general limitations with regard to the nature and extent of criminal penalties. *Bentivenga*, 83 Ill. 2d at 542, 416 N.E.2d at 262. In this case, the legislature determined that when a certain type of sexual abuse occurs within a family, the offense is probationable. As the appellate court has already found, this distinction was made in an effort to keep the family intact and to minimize the disruption to the other family members. *Grano*, 286 Ill. App. 3d at 296, 676 N.E.2d at 263. That said, probation is not given in every case, and a defendant being considered for probation still must comply with strict probationary conditions. Nevertheless, probation may be imposed so that if a defendant is a major financial provider for the family, that defendant may be able to continue to do so. In many cases, the victim and other family members would be harmed again without such income. Therefore, providing probation for the sexual abuser of a family member often promotes the welfare of the minor victim. Thus, the distinction within the sentencing statute made for family members is not unconstitutional under the proportionate penalties clause.

Alexander makes a similar argument with regard to the third test—that the sentencing statute treats identical crimes differently depending upon whether the victim and the defendant are members of the same family. Under the statute, a "family member" includes an accused who has resided in the household with the minor continuously for at least 12 months. 730 ILCS 5/5—5—3(e) (West 2000); 720 ILCS 5/12—12(c) (West 2000). Since that "family member" is eligible for probation and a nonfamily member who has lived within the household for 11 months is ineligible, Alexander argues that the statute fails the third test as well.

We first note that whether someone unrelated to the victim is considered a "family member" or not is irrelevant to this case. Alexander is not a "family member" of his victim under any definition; he was her boss. Thus, Alexander lacks standing to assert that argument. See *People v. Rauh*, 197 Ill. App. 3d 692, 693, 554 N.E.2d 819, 819-20 (1990), citing *People v. Upton*, 114 Ill. 2d 362, 366-67, 500 N.E.2d 943, 945 (1986); *People v. Matkovick*, 101 Ill. 2d 268, 277, 461 N.E.2d 964, 968 (1984). Although his argument raises an interesting question, it is not for this court to decide today.

When we compare the "family member" exception with Alexander's situation, as one who sexually assaulted a minor over whom he had authority, we use the same analysis employed in *People v. Conley*, 306 Ill. App. 3d 1, 713 N.E.2d 131 (1999). In *Conley*, the appellate court considered whether it was disproportionate for criminal sentences to be applied consecutively or concurrently depending on whether a defendant committed attempted murder within a single course of conduct or separate courses of conduct. Because the appellate court found that the situations contained different criminal elements, it held that the crimes could be treated differently. *Conley*, 306 Ill. App. 3d at 11-12, 713 N.E.2d at 139.

We draw the same conclusion here. Criminal sexual assault by a "family member" and criminal sexual assault by an authoritative figure simply contain different criminal elements—one involves the victimization of a minor family member, and the other involves the victimization of a nonrelated minor over whom the defendant had authority. We cannot say that the two crimes are the same but for the penalty. They are different crimes and can be treated differently. See *People v. Shoultz*, 289 Ill. App. 3d 392, 394-95, 682 N.E.2d 446, 448 (1997). Although Alexander urges us to do so, "[i]t is not our role to determine whether the legislature has chosen the best or most effective means of resolving the problems addressed by this statute." *People v. Falbe*, 189 Ill. 2d 635, 640, 727 N.E.2d 200, 204 (2000), citing *People v. Lantz*, 186 Ill. 2d 243, 254, 712 N.E.2d 314, 319 (1999).

Alexander next contends that the sentencing scheme violates the equal protection clauses of the Illinois and United States Constitutions. The analysis employed by Illinois courts when assessing equal protection claims is the same under both constitutions. *People v. Fisher*, 184 Ill. 2d 441, 450, 705 N.E.2d 67, 72 (1998). The guarantee of equal protection under the law requires the government to treat similarly situated individuals in a similar manner. *In re R.C.*, 195 Ill. 2d 291, 309, 745 N.E.2d 1233, 1244 (2001). Since Alexander and others similarly situated are not members of a suspect class, equal protection requires only that there be a rational basis for a legislative classification that differentiates between them. *Grano*, 286 Ill. App. 3d at 296, 676 N.E.2d at 263.

The issue raised here was rejected specifically by the appellate courts in *People v. Grano*, 286 Ill. App. 3d 278, 296, 676 N.E.2d 248, 262-63 (1996), and *People v. Robertson*, 168 Ill. App. 3d 132, 137-38, 522 N.E.2d 239, 242-43 (1988). In *Robertson*, the appellate court found that a rational basis existed for the legislature's determination that probation should be offered where the sexual offense occurred within the family unit. *Robertson*, 168 Ill. App. 3d at 137, 522 N.E.2d at 243.

As noted above, the court found it rational to offer probation in an effort to keep the family intact and to minimize the disruption to the other members. *Robertson*, 168 Ill. App. 3d at 137, 522 N.E.2d at 243. It further found that offenders who are family members and offenders who are not family members are not "similarly situated" and, therefore, could be treated differently. *Robertson*, 168 Ill. App. 3d at 137, 522 N.E.2d at 243.

Although Alexander insists there was no purpose within the legislative history that provides any rational basis for the distinction between family members and nonfamily members, we do not agree. If any set of facts may be reasonably conceived that would justify the classification by the State, it must be upheld. *Grano*, 286 Ill. App. 3d at 296, 676 N.E.2d at 263. As stated above, in an effort to minimize the disruption of the family, the legislature provided that probation is available for defendants who abused family members. If the defendant complies with certain conditions of probation, this might allow the defendant to continue providing financial support for the family, who may be victimized again if this support is extinguished. Accordingly, a rational basis exists to offer this "family member" probation. Thus, no equal protection violation is found.

Last, Alexander argues that his sentence violates the due process clauses of the United States and Illinois Constitutions. Since he states that his sentence is in violation of the due process clause "for the same reason it violates the equal protection clause," we reject this point as well.

Accordingly, we find that Alexander failed to meet his burden of establishing any constitutional violation. For the foregoing reasons, we affirm Alexander's sentence, as well as the trial court's decision to deny Alexander's motions regarding the statute's constitutionality.

Affirmed.

WELCH and HOPKINS, JJ., concur.